## ANDERSON V. ALSETH.

1. An allegation in a complaint for a threshing lien, under the provisions of chapter 88, Laws 1889, that "the said F. (plaintiff's assignor) duly executed his claim for a lien upon the said grain hereinbefore described, for threshing the same, * * * and caused the said claim to be filed in the office of the register of deeds of Kingsbury county," is sufficient, as against an objection taken at the trial that the complaint does not state facts sufficient to constitute a cause of action.

2. When such an objection to the complaint is taken at the trial after an issue of fact has been raised by the answer, greater latitude of presumption may be indulged in to sustain the complaint than when the objection is taken by demurrer interposed at the proper time; and if there is not an entire absence of a necessary allegation, but simply a defective statement of the facts required to be stated, the complaint will ordinarily be held sufficient, as against an objection to it taken at the trial.

3. An objection to an assignment of a lien claim that it appears upon its face to have been executed before the same was filed, where it appears that the lien was made out and verified before the assignment, and was filed within the proper time, was properly overruled.

4. A counterclaim in an answer in which it is alleged that the plaintiff is indebted to the defendant is not supported by evidence that plaintiff's assignor was indebted to the defendant, and an objection to such evidence was properly sustained by the court.

5. Findings of the court must be sufficient to support the judgment; and when, in an action under the provisions of chapter 88, Laws 1889, the

court failed to find that the plaintiff's assignor owned and operated the threshing machine with which the grain was threshed, either in terms or substance, and that the lien filed contained the statement of facts required by section 3 of the act, such findings are insufficient to sustain the judgment.

(Syllabus by the Court. Opinion filed Feb. 23, 1895.)

Appeal from circuit court, Kingsbury county. Hon. J. O. ANDREWS, Judge.

Action in claim and delivery. Judgment for plaintiff, and defendant appeals. Reversed.

The facts are stated in the opinion.

*Schenian & Savage*, for appellant.

An inchoate right to a lien is not assignable. Goodman v. Pence, 32 N. W. 219; Langan v. Sankey, 7 N. W. 393. In the absence of a contrary statutory provision the assignment of a claim for which the assignor may have by law a specific lien destroys the right to the lien. Hawley v. Ward, 4 Iowa 36; Caldwell v. Lawrence, 10 Wis. 331; Tewksbury v. Bronson, 4 N. W. 749.

The complaint was insufficient and the court erred in overruling an objection to the introduction of evidence thereunder. Parker v. Bank, 54 N. W. 313.

The trial court omitted to find upon all the material issues. Such an omission calls for a reversal of the judgment. Dole v. Burleigh, 46 N. W. 692; Holt v. Van Eps, 47 N. W. 689.

While counterclaims or set-offs cannot generally be adjusted in replevin actions, still in an action where the right of possession depends upon the indebtedness to the plaintiff a counterclaim or set-off may be allowed and a multiplicity of suits avoided. Wells on Rep. Sec. 631; Maxwell on Code Plead, p. 545; DeFord v. Hutchinson, 25 Pac. 641; Saunders v. Knox, 57 Ala. 80; Cobby on Rep. Sec. 793.

No appearance for respondent.

CORSON, P. J. The plaintiff claims the right to the possession of certain grain for the purpose of foreclosing a lien

thereon, which it is alleged was acquired by the grantor of the plaintiff by virtue of the provisions of chapter 88, Laws 1889. The answer was, in effect, a general denial, with a defense by way of counterclaim. The first section of the act provides that "every person owning and operating a threshing machine shall have a lien from the date of threshing upon all grain threshed with such machine, for the value of the services rendered in doing such threshing." And section 3 provides that any person entitled to a lien under the act "shall make an account in writing, stating the kind of grain and the number of bushels threshed, the price agreed upon, * * * with a description of the land upon which said grain was grown," and, after making oath to the correctness of the account, shall file the same in the office of the register of deeds.

At the commencement of the trial, the defendant objected to the introduction of any evidence under the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. The specific objection made to the complaint in this court is that it is not alleged therein that an account stating the facts required by section 3 of the act was filed. The allegation made in the complaint upon the subject of filing the account is that "the said S. J. Flynn [plaintiff's assignor] duly executed his claim for a lien upon the said grain hereinbefore described, for threshing the same on the 18th day of December, 1891, and caused the said claim to be filed in the office of the register of deeds of Kingsbury county." While this statement of the contents of the account filed is not as full as required, we are of the opinion that, in the absence of a formal demurrer or a motion to make more definite or certain, it must be held sufficient as against an objection to it taken at the trial. There is not an entire absence of a necessary allegation, but a defective statement of the necessary facts. In such case, when the objection is taken at the trial a more liberal construction will be given the pleading than when a demurrer is interposed at the proper time. Johnson v. Burnside (S. D.) 52 N. W. 1057; Hallock v.

Jaudin, 34 Cal. 167; Loan Soc. v. Ordway, 38 Cal. 679. Construed by a liberal rule, we think it may fairly be inferred from the allegation in the complaint that the account filed contained the necessary facts required to be stated by the third section of the act. But this court has held in a number of cases, more specially in Johnson v. Burnside, *supra*, and Jenkinson v. City of Vermillion, 52 N. W. 1067, that if the allegation was not in fact sufficient, the complaint could have been amended at the trial or after judgment to conform to the facts proven. There was no error on the part of the trial court in overruling the objection and admitting the evidence.

The admission in evidence of the assignment from Flynn to the plaintiff was also objected to on the trial on the ground that it appeared upon the face of the instrument that it was made before the lien claim was filed. The assignment reads as follows: "For value received, I hereby assign * * *, and also all my right, title, and interest in and to the lien this day executed, and to be filed in the office of the register of deeds of Kingsbury county." The account appears to have been sworn to by Flynn on the same day. We are of the opinion that the court rightly overruled the objection. This court recently held in Hill v. Building Co., 60 N. W. 752, an action brought under mechanic's lien law, that the assignee, or assignor if he retains an interest in the property, might file the lien. Applying the principles of that decision to this case, it would follow that it would not be material whether the notice of lien was actually filed when assigned or not, provided it was filed within the time prescribed by the act. But in this case the account was made out and sworn to by the assignor, Flynn, before the assignment, and it cannot be material who performed the manual act of filing it with the register of deeds.

It is further contended by the appellant that the court erred in excluding his evidence under his counterclaim. But we discover no error in this ruling of the court. The defendant pleaded a counterclaim as due from the plaintiff to himself.

but he sought to sustain it by introducing evidence of a promissory note given by Flynn to himself. This was clearly objectionable, as the defendant did not appear to have any claim against the plaintiff, but against Flynn. Leave was given the defendant to amend his answer, but he declined to amend. Without an amendment to his answer, the defendant was not entitled to introduce in evidence a note executed by Flynn, upon an allegation that the plaintiff, Anderson was indebted to him, unless Anderson was in some manner liable upon the note. The question, therefore, as to whether or not a counterclaim, as such, can be pleaded and proven in an action for claim and delivery, is not decided at this time.

It is further contended by the appellant that the findings of the court are insufficient to support the judgment. In this position we are inclined to agree with the counsel. The right of the lien holder to the possession of the grain threshed for the purpose of foreclosing the lien being purely statutory, it is necessary that all the essential facts upon which the lien rests should found by the court. The findings are as follows: "(1) S. J. be Flynn threshed for defendant during the month December, 1891, 2,189 bushels of wheat and 196 bushels of oats, at an agreed price of 6 cents per bushel for wheat and 3 cents per bushel for oats, no part of which has ever been paid. (2) That on December 17, 1891, after said threshing was done, said S. J. Flynn executed a written instrument purporting to be a lien for threshing said grain, and claiming, among other things, that said grain was grown on the following described land, to wit: 'Lot No. 1 of section 20, town 110, range 54, and S. ½ S. W. ¼, and lots 5 and 4 of section 21, town 110, range 54.' (3) On December 18, 1891, said Flynn executed and delivered to this plaintiff what purported to be a written assignment of said lien, and upon said day the said lien, with purported assignment attached, was filed in the office of the register of deeds in and for Kingsbury county, South Dakota. (4) That upon the land described in said lien there was raised the following grain,

threshed by said Flynn, to wit:   1,459 bushels of wheat and 196
bushels of oats.   (5) All said wheat last mentioned and at least
50 bushels of said oats were in possession of said defendant at
the time this action was commenced.   (6) Part of this grain
was taken on a writ of replevin in this action, but was returned
to defendant upon redelivery bond, and plaintiff has never had
the possession of any other part of said grain."   It will be ob-
served that the court makes no finding of facts that brings the
case within the provisions of section 1 of the act.   It is not
found, either in terms or in substance, that the assignor of
the plaintiff owned and operated the threshing machine by
which the grain was threshed.   Neither is it found that the
plaintiff or his assignor made and filed in the proper office the
account required by section 3 of said act.   It is true the court
found that Flynn executed a written instrument claiming,
among other things, that the grain was grown on the land des-
cribed, and that subsequently the plaintiff filed it in the proper
office; but such a finding is not sufficient to show that the ac-
count filed contained the statement of facts required by section
3 of the act.   The findings must be sufficient to sustain the
judgment.   Holt v. Van Eps, 1 Dak. 206, 46 N. W. 689; Dole v.
Burleigh, 1 Dak. 227, 46 N. W. 692.

The act of the legislature under the provisions of which
this action was instituted was before the supreme court of
North Dakota in the case of Parker v. Bank, 54 N. W. 313.   In
that case that learned court held that a complaint was insuffic-
ient which failed to state that the person who claimed the lien
owned and operated the threshing machine, and also insuffic-
ient because it failed to allege that the account filed contained a
statement of the facts required by section 3 of the act.   As to
the former ground the court says:   "Again, under the statute,
it is not the party owning a threshing machine who is entitled
to the lien, nor yet the party operating such machine, but it is
the person 'owning and operating a threshing machine.'   The
only allegation in the complaint upon that point is as follows:

"That plaintiff was at all times hereinafter mentioned doing business of running and operating a threshing machine.' That falls far short of an allegation of ownership in the machine. It is just as consistent with possession in any other capacity. An allegation much stronger than in this case was held to be an insufficient allegation of ownership in Rugg v. Hoover, 28 Minn. 407, 10 N. W. 473. We think the complaint was vulnerable to the demurrer on both these points.

We may say in this case, as was said by that court in Lavin v. Bradley, 1 N. D. 291, 47 N. W. 384: "It must not be overlooked that the lien given is wholly statutory in its nature and origin. It was unknown to the common law, and hence cannot be acquired or enforced unless there has been a substantial compliance with the act of the legislature from which the lien arises." It is necessary, therefore, in this class of cases, that the court should find substantially all the facts necessary to bring the claim of lien of the plaintiff within the provisions of the act. It is possible that a finding that the person claiming the lien was the absolute owner might not be necessary in order to entitle him to a lien. But it is not necessary to decide that question at this time, as there is no finding in this case that Flynn had charge of and operated the machine either as owner, lessee, or otherwise. It is quite evident in this case that the learned court signed findings prepared by plaintiff's attorney without an examination of the act, and hence omitted to find the important facts upon which the plaintiff's claim of lien was based. The judgment of the court below is reversed, and a new trial granted.