[S. F. No. 6335. In Bank.—February 27, 1913.]

T. G. TOGNAZZINI et al., Petitioners, v. FRANK C. JORDAN, as Secretary of State of the State of California, Respondent.

CORPORATIONS—AMENDMENT OF ARTICLES—SHORTENING TERM OF CORPORATE EXISTENCE.—Section 362 of the Civil Code, as amended in 1905, permits a corporation to shorten the term of its corporate existence by an amendment to its articles of incorporation, even if the practical result of such abbreviation would amount almost to an immediate termination of the corporate life.

ID.—POWER TO AMEND ARTICLES—CONSTRUCTION OF SECTION 362 OF CIVIL CODE.—The power to amend articles of incorporation conferred by section 362 of the Civil Code has reference to changes in those matters made essential by section 290 of that code to the

*contents of the original articles. The limitation contained in that
section on the general right of amendment, forbidding an extension
of the corporate term, indicates an intention to permit an amend-
ment shortening the period of the corporation's life.*

ID.—EXCEPTION FROM GENERAL EXPRESSIONS OF STATUTE.—*As a general
rule, the exception of a particular thing from the purview of the
general expressions of a statute indicates that in the opinion of the
law-making body the thing excepted would have been included
within the general clause if the exception had not been made.*

ID.—OTHER METHODS OF DISSOLUTION.—*The mere fact that the law
provides other and better methods for the dissolution of corpora-
tions does not prevent such construction of section 362 of the Civil
Code.*

APPLICATION for a Writ of Mandamus directed to the
Secretary of State of the State of California.

The facts are stated in the opinion of the court.

Gavin McNab, B. M. Aikins, and Lilienthal, McKinstry &
Raymond, for Petitioners.

U. S. Webb, Attorney-General, for Respondent.

MELVIN, J.—Petitioners prayed for a writ of *mandamus*
requiring the secretary of state to file, *nunc pro tunc* as of
the ninth day of August, 1912, a certified copy of a certificate
of amendment of the articles of incorporation of the Swiss-
American Bank. An alternative writ was issued and the mat-
ter is now before us for final consideration of the points of
law involved, there being no controversy with reference to
the facts.

The Swiss-American Bank was incorporated for the term
of fifty years on the tenth day of August, 1909. Subse-
quently, by a contract made and executed in accordance with
the "Bank Act" so-called, and approved by the superintend-
ent of banks, the corporation transferred all of its deposits
to the Anglo-Californian Trust Company. There are no cor-
porate debts.

Prior to August 9, 1912, the Swiss-American Bank, follow-
ing the procedure prescribed by section 362 of the Civil Code,
amended its articles of incorporation by abbreviating its term
of corporate existence to three years. A certificate of amend-

ment was filed in the office of the county clerk of the city and
county of San Francisco on August 8, 1912, and a certified
copy thereof, accompanied by the proper fee, was tendered
to the secretary of state for filing on August 9, 1912,—the
day before that upon which if the amendment to the articles
of incorporation was valid, the existence of the Swiss-Ameri-
can Bank would terminate. The secretary of state declined
to file the proposed document upon the ground that a corpo-
ration may not shorten the term of its corporate existence, at
least not in such manner as practically to end its being almost
immediately. He insists that a corporation wishing to termi-
nate its existence must apply to a court for dissolution as
prescribed by section 1227 et seq. of the Code of Civil Pro-
cedure. The only question before us, therefore, is whether or
not section 362 of the Civil Code permits the shortening of
the corporate life of the Swiss-American Bank.

Section 362 of the Civil Code, after prescribing the manner
in which a corporation may amend its articles of incorpora-
tion and providing for the filing with the secretary of state
a certified copy of its amended articles, contains the follow-
ing proviso: "Nothing in this section shall be construed to
authorize any corporation to increase or diminish its capital
stock, change its name, extend its corporate existence, or in-
crease or diminish the number of its directors, without com-
plying with the special provisions of this code applicable
thereto." In his brief the learned attorney-general states
that the proviso quoted above was first inserted in section 362
of the Civil Code in 1905, save that part prohibiting the
diminishing of capital stock by amendment of the articles of
incorporation. He says: "The exceptions running to the
change of name, extension of corporate existence, increase or
decrease of number of directors, as well as to the increase or
decrease of capital stock, were inserted for the first time in
the amendment of 1905." He then calls attention to the re-
peal of section 399 of the Civil Code in 1905 (Stats. 1905,
p. 563). That section simply stated that "dissolution of cor-
porations is provided for" in certain specified parts of the
Civil Code. In the brief of the attorney-general we are also
cited to the language of the note of the code commissioner on
said section 399 of the Civil Code to the effect that: "This
section, which purports merely to designate the place in the

Code of Civil Procedure where the dissolution of corporations is provided for, does not state any rule of law and constitutes but an imperfect index to the provisions referred to." The brief then proceeds as follows: "Prior to the amendment of section 362, in 1905, the code contained other provisions practically the same as at present, relating to the increase of the capital stock, change of name, extension of corporate existence, and increase or decrease in the number of directors. Yet it has never been contended that prior to such amendment, section 362 authorized a corporation to accomplish any of these purposes by mere amendment of its articles of incorporation." It occurs to us that the reason for a failure to contend that section 362 of the Civil Code authorized a corporation to accomplish a shortening of its term of existence amounting almost to an immediate dissolution, may perhaps be found in the existence of section 399 of the Civil Code and the belief which the profession may have entertained that said section pointed the only way to a practical termination of corporate entity. But whatever may have been the reason it is certain that ever since its passage in 1885 section 362 *has* contained a proviso against the *extension* of its corporate existence. This fact seems to have been overlooked, but in the act as originally passed (Stats. 1885, p. 92) we find this language; "*provided,* that the time of the existence of such corporation shall not be by such amendment extended beyond the time fixed in the original articles or certificate of incorporation." In the amendments to the section in 1893 and 1903 this proviso is substantially repeated (Stats. 1893, p. 131; Stats. 1903, p. 411). The proviso contained in the section as amended in 1905 has been previously quoted above.

Petitioners contend that the power to dissolve by application to a court cannot deprive a corporation of the right to shorten its term of existence even if the practical result of such abbreviation would amount to a speedy termination of the corporate life: 1. Because there is nothing inconsistent in the two methods of procedure; and 2. Because section 362 which (it is asserted) gives the right to curtail the corporate term, was passed subsequently to those sections of the Code of Civil Procedure relative to dissolution of corporations by proceedings in the superior court. These contentions must be upheld. The power to amend articles of incorporation has

reference to the changes in those matters essential to the original articles. (*California Telephone & Light Co.* v. *Jordan,* 19 Cal. App. 536, [126 Pac. 598].) Section 290 of the Civil Code prescribes the necessary contents of articles of incorporation, among which is the term for which the corporation is to exist, not exceeding fifty years. Section 362 of the Civil Code gives the general right to amend articles of incorporation, limiting the power, however, to certain particulars, one of them being the *extension* of the corporate term. This very limitation indicates an intention to permit an amendment shortening the period of the corporation's life. It is the rule that the exception of a particular thing from the purview of the general expressions of a statute indicates that in the opinion of the law-making body the thing excepted would have been included within the general clause if the exception had not been made. (*Commonwealth* v. *Summerville,* 204 Pa. St. 304, [54 Atl. 27] ; *Gibbons* v. *Ogden,* 22 U. S. (9 Wheat.) 191, [6 L. Ed. 23] ; *Brown* v. *Maryland,* 25 U. S. (12 Wheat.) 438, [6 L. Ed. 678] ; *Tinkham* v. *Tapscott,* 17 N. Y. 152; 11 Lewis's Sutherland Statutory Construction (2d ed.), sec. 351.) The limitation upon this rule is that it must not be carried too far,—that an exception from the general language of a statute is sometimes made out of an abundance of caution and not to indicate that without the exception its subject matter would come within the scope of the act. We do not think that section 362 of the Civil Code comes within the limitation upon the general rule.

It is asserted that the other methods of dissolution of corporations would, in general, provide greater protection to minority stockholders from fraud, although it is conceded that in the present proceeding no injury could result from permitting the method selected by petitioners to be used in ending the career of the Swiss-American Bank. The mere fact that other and better methods may exist cannot prevent us from declaring what seems to us to be the plain meaning of the statute under discussion. If the shortening of the term of corporate existence had been for one year instead of forty-seven years, there could have been no claim that such action amounted to disincorporation without notice to all persons interested and in possible fraud of their interests. If the statute permits abbreviation of the corporation's legal lease

of life we cannot say, where the law does not, just when the process of diminution becomes dissolution.

Let judgment be entered in accordance with the prayer of petitioners and let the writ be made peremptory.

Henshaw, J., Lorigan, J., Shaw, J., Sloss, J., and Angellotti, J., concurred.