SHAW, P. J.
 

 This prosecution was brought under the State Pharmacy Act (Stats. 1905, p. 535, secs. 1, 12, 13 and 17, as amended by Stats. 1933, p. 2192; sec. 16, as amended by Stats. 1929, p. 239). The complaint contains three counts, on each of which defendant was convicted, and he appeals. Count one charges that the defendant “did wilfully and unlawfully permit the sale of drugs and medicines, to-wit: peroxide of hydrogen, by Miss D. G. Goodwin, who was not then and there a registered pharmacist or assistant registered pharmacist, at a store or shop of which said defendant was the manager, located at 6608 Hollywood Boulevard, Los Angeles”, and states that the acts charged are in violation of section 13 of the act. The other counts are in the same language except as to the salesman’s name and the article sold. Section 13 contains the following provision on this subject: “Any proprietor, who shall by himself, or any other person, permit the compounding of prescriptions, or the vending of drugs, medicines or poisons, in his or her store, or place of business, except by a registered pharmacist, or registered assistant pharmacist, . . . shall be guilty of a misdemeanor.”
 

 The word “proprietor” does not appear in any of these counts and it is urged that its omission makes them bad for the reason that the offense defined in section 13 can be committed only by a proprietor and that a manager is not a proprietor. If section 13 only were to be considered, this argument might have some force (except for
 
 *Supp. 771
 
 the possible application of section 31 of the Penal Code to the case, which we do not now consider), for section 13 is limited to proprietors, and a manager cannot be classed as a proprietor. But a mere statement in the complaints that the facts1 alleged constitute a violation of section 13 does not limit us to that section, nor prevent us from upholding them under any other provisions of law which may make the acts charged a misdemeanor.
 
 (In re Culver,
 
 187 Cal. 437, 440 [202 Pac. 661];
 
 In the Matter of Rogers,
 
 160 Cal. 764 [118 Pac. 242];
 
 In re Murphy,
 
 190 Cal. 286, 291 [212 Pac. 30] ;
 
 Homan
 
 v.
 
 Board of Dental Examiners,
 
 202 Cal. 593, 597 [262 Pac. 324].)
 

 In section 12 of the act we find this provision, which is clearly applicable to the case in hand: “Any person who shall permit the compounding of prescriptions of medical practitioners, or the selling of drugs and medicines in his or her store or pharmacy, except by a registered pharmacist, or registered assistant pharmacist, unless the same is expressly permitted by law, . . . shall be deemed guilty of a misdemeanor.” This provision is not limited to proprietors. Instead, it uses the words “his or her store or pharmacy” to indicate the relation of the offender to the place of sale. The word “his”—or its feminine, “her” —does not necessarily denote ownership. It may signify simple possession, or even some other relation not that of an owner (Webster’s Dictionary;
 
 Rugg
 
 v.
 
 Hoover,
 
 28 Minn. 404 [10 N. W. 473],
 
 Jones
 
 v.
 
 State,
 
 55 Ark. 186 [17 S. W. 719], and
 
 Commonwealth
 
 v.
 
 Hadley,
 
 11 Met. (Mass.) 66, 72). In the case last cited it was held that an employee or agent could be .held guilty under a statute forbidding anyone to sell spirituous liquor “to be used in or about his house or other buildings”. The court there said: “The language of the statute is to be so construed, when it reasonably can be, as to promote, rather than defeat the obvious purposes of the legislature.” We think this rule is applicable here. The purpose of the Pharmacy Act is to prevent the sale of drugs and medicines by any person not a registered pharmacist or assistant pharmacist, and to carry out this purpose a penalty is imposed both on the unregistered person who sells and on the person in authority who permits him to do so. To limit the latter provision to proprietors only would tend to defeat this
 
 *Supp. 772
 
 purpose, for many stores are owned by corporations which are not subject to the imprisonment provided as part of the penalty; and any proprietor residing out of the state, whether individual or corporate, would be entirely beyond the reach of the statute. We avoid this result by giving to the words “his or her store or pharmacy” in section 12 a meaning signifying any store or pharmacy over which the person charged' has such control and authority as to enable him or her to prevent violations of the statute therein by other persons. This is in accordance with the canon of statutory construction that effect should be given to every part of a statute, if possible, for if this provision of section 12 is limited to proprietors, it prohibits nothing not also banned by section 13.
 

 Each of these complaints charges that the defendant was the manager of the store where the illegal sale occurred. This is sufficient to bring the defendant within the provisions of section 12. The Supreme Court has held “that ‘manager’ means managing agent and can mean nothing else”.
 
 (Pacific Coast R. Co.
 
 v.
 
 Superior Court,
 
 79 Cal. 103, 105 [21 Pac. 609].) “A managing agent or a managing representative is one who has general discretionary powers of direction and control—one who may direct, control, conduct or carry on his employer’s business or any part or branch thereof.”
 
 (Gordon
 
 v.
 
 Industrial Acc. Com.,
 
 199 Cal. 420, 427 [249 Pac. 849, 58 A. L. R 1374]. See, also,
 
 Messner
 
 v.
 
 Board of Denial Examiners,
 
 87 Cal. App. 199, 204 [262 Pac. 58], and
 
 Bley v. Board of Dental Examiners,
 
 87 Cal. App. 193, 196 [261 Pac. 1036], where a similar meaning is ascribed to the word “manager”.)
 

 Appellant argues that count one of the complaint is insufficient for the further reason that peroxide of hydrogen is not a drug or medicine within the meaning of the Pharmacy Act. We have just reviewed the meaning of those words as used in the act, in
 
 People
 
 v.
 
 Garcia, ante,
 
 p. 761 [32 Pac. (2d) 445, 2 Cal. Supp. 122], We are satisfied that, they are broad enough to include peroxide of hydrogen. It is a well-known chemical substance, listed in the United States Pharmacopeia and described in all encyclopedias. It is used for bleaching purposes and also as an external antiseptic, but is not often taken internally. Its character and common uses are well within the scope of judi
 
 *Supp. 773
 
 cial notice.
 
 (People
 
 v.
 
 Garcia, supra.)
 
 In
 
 State
 
 v.
 
 Hanchette,
 
 88 Kan. 864 [129 Pac. 1184], it was held that peroxide of hydrogen is not a medicine and hence its sale by unregistered persons was not prohibited by the Kansas Pharmacy Act. We are not disposed to follow this case in its apparent holding that the word “medicine” as used in the Pharmacy Act is limited to substances which are generally and popularly known as such, to the exclusion of those so regarded only by the medical profession. This is altogether too narrow a meaning for the word. There may be some difficulty in applying the Pharmacy Act to substances which have both a medical and a nonmedical use, but in the case of peroxide of hydrogen we are aided by the provisions of section 16 of the act. This section provides by way of exception to the general provisions of the act that permits may be issued for the sale by unregistered persons in the rural districts of “simple household remedies and drugs”, among which is listed peroxide of hydrogen. Such an exception gives rise to a strong implication that what is excepted would have been within the purview if it had not been excepted.
 
 (San Francisco
 
 v.
 
 Pacific Tel. & Tel. Co.,
 
 166 Cal. 244, 251 [135 Pac. 971];
 
 Tognazzani
 
 v.
 
 Jordan,
 
 165 Cal. 19, 23 [130 Pac. 879, Ann. Cas. 1914C, 655].)
 

 Complaint is made of rulings excluding evidence, but we have no record on which we can review them, nor can we consider the sufficiency of the evidence. The statement on appeal shows merely that at the trial it was stipulated that the evidence to be introduced by both sides and the rulings of the court should be deemed identical, “except for the difference in the items of alleged drugs which constitute the exhibits introduced by the People”, with those in another case which was described only by the defendant’s name. No evidence or rulings are set forth in the statement, even as to the subject matter of the exception quoted, and we have no means of determining what they were. The burden is on an appellant to show error. This he has not done by such a record, and we must presume that the rulings were correct and the evidence sufficient in all respects.
 

 The judgment and order appealed from are affirmed.
 

 Bishop, J., and Fox, J., concurred.