[Civ. No. 37170. Second Dist., Div. Five. May 26, 1971.]

FRED H. COOPER, a Minor, etc., et al., Plaintiffs and Appellants, v. UNITED BENEFIT LIFE INSURANCE COMPANY, Defendant and Respondent.

912

## Counsel

Heily, Blase & Ellison, Heily, Blase, Ellison & Muegenburg and F. T. Muegenburg, Jr., for Plaintiffs and Appellants.

Poindexter, Lynch & Buchanan and R. L. Tollefsen for Defendant and Respondent.

## Opinion

**FRAMPTON, J.**\*—

### Statement of the Case

Plaintiff appeals from a judgment rendered on the pleadings in favor of defendant insurance company. The issue in dispute is whether or not an insurance company, as insurer under a group life insurance policy, is discharged from all claims where it pays the proceeds of such policy to the person who had been last designated as the beneficiary by the now deceased employee, after the deceased's employer had received oral notice of a claim adverse to the last designated beneficiary.

---

\*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

## The Complaint

The complaint, including the first and second amendments thereto, alleged in substance as follows: Fred H. Cooper and Ella Cooper were the parents of Fred H. Cooper and Clayton Cooper, ages 19 and 11 years, respectively; Ella Cooper is the guardian ad litem of said minors; on March 18, 1961, Fred H. Cooper (hereinafter referred to as the deceased-insured) and Ella Mae Cooper entered into a property settlement agreement wherein the deceased-insured agreed that the group life insurance policy maintained by his employer, C. G. Hokanson Company, Inc., and written by defendant United Benefit Life Insurance Company would be kept in force and effect, and further agreed to designate the minor children of the couple, Fred H. Cooper and Clayton Cooper, as beneficiaries of said policy during the minority of any one of them; Ella Cooper was the designated beneficiary of said policy of life insurance until sometime shortly before May 30, 1966, at which time the deceased-insured changed the designated beneficiary to Leona E. Cooper, mother of the deceased-insured; the deceased-insured died in Orange County, State of California, on May 30, 1966, at which time the policy of life insurance was in full force and effect.

The complaint alleged further that on June 1, 1966, Fred Caesar, an employee of C. G. Hokanson Company, Inc., was responsible for the coordination and handling of the group employee insurance program of the company, including the policy referred to herein; that on the above date, Allen Cooper, one of the children of the couple, told Fred Caesar that in the divorce proceedings involving his parents, Fred Cooper and Ella Cooper, the life insurance policy described herein was to remain for the benefit of the minor children until both had reached their majority.

The complaint alleged that the sum of $10,000 (the full proceeds of the policy) had been paid to Leona Cooper. The answer admitted the payment of said sum to Leona Cooper on July 14, 1966.

On November 28, 1969, defendant United noticed its motion for judgment on the pleadings. The motion was predicated upon the claim that the complaint did not show that plaintiff had met with the requirements of section 10172 of the Insurance Code.[1] On December 8, 1969, the trial court granted the motion, and on January 5, 1970, judgment was entered in favor of defendant United and against plaintiff.

---

[1]All references herein to code sections, unless otherwise designated, refer to sections of the Insurance Code.

## Contentions on Appeal

Plaintiff urges that (1) section 10172 of the Insurance Code is not applicable to group life insurance policies; (2) Insurance Code, division 2, part 2, chapter 2, beginning with section 10200, exclusively regulates group life insurance, and (3) the insurer is not discharged under section 10172 when the insured employer administers the group life insurance on behalf of the insurer, and the employee of the insured employer has oral notice of a claim adverse to a named beneficiary.

Plaintiff urges that oral notice to the employer here, C. G. Hokanson Company, Inc., of the existence of a claim adverse to that of the designated beneficiary is adequate to put the insurance company on notice in a group life insurance plan, so that payment of the proceeds of the policy to the designated beneficiary after receipt of such notice is improper and subjects the insurer to liability for payment of the proceeds to the person actually entitled to receive them. Plaintiff's position requires a specific holding that the requirement of written notice to the home office of an adverse claim, as set forth in section 10172, does not apply to group life insurance policy claims.

Plaintiff urges that this exception to the application of section 10172 is based upon the practical distinctions between an individual life insurance policy and a group life insurance policy administered by an employer, such as were recognized in *Elfstrom* v. *New York Life Ins. Co.* (1967) 67 Cal.2d 503 [63 Cal.Rptr. 35, 432 P.2d 731]. In *Elfstrom,* the Supreme Court held that under a group life insurance policy ". . . the employer is the agent of the insurer in performing the duties of administering group insurance policies." (P. 512.) The *administrative duties summarized in Elfstrom,* performed by the employer under the supervision of the insurer were as follows: "Defendant [insurer] provided Fullerton [employer] with a manual setting forth in minute detail the steps to be taken by it in performing such tasks as enrolling employees, adding and deleting dependents, reinstating and terminating insurance, reporting details of coverage and premiums paid to defendant, and issuing certificates of insurance provided by defendant. The employer was instructed to determine whether the employee was eligible for insurance and, if so, to fill out an enrollment card for him by inserting the class of insurance, date of employment and the employee's earnings in the blanks on the card. The employee, according to the instruction, was to provide only such details on the enrollment card as the date of his birth, his marital status, the number of his children, and the name of his beneficiary. The employer was also instructed as to the proper manner of completing the certificate issued to the individual employee." (67 Cal.2d at p. 510.)

From the foregoing, plaintiff argues that as the agent for the insurer, oral notice to the employer of a claim adverse to the designated beneficiary is adequate to protect the insurer and estop the insurer from claiming immunity by its improper payment of the proceeds of the policy. In addition to the analysis and application drawn from *Elfstrom,* plaintiff advances the following reasons which, individually and collectively, it is claimed, should justify the carving out of an exception to the application of section 10172 to group life insurance policies administered by an employer. They are (1) section 10172 does not by its express language, or by judicial interpretation, apply to group life insurance policies; (2) section 10172 was enacted following and to overcome the decision in *Morrison* v. *The Mutual L. Ins. of N. Y.* (1940) 15 Cal.2d 579 [103 P.2d 963] (a case involving an individual life insurance policy administered by the insurer) where it was held that informal oral conversations between the owner of a life insurance policy and an agent of the insurer supplied sufficient facts upon which to deny the insurance company the defense of a prior payment of the proceeds of the policy, and (3) the law specifically regulating group life insurance requires that the policy, the application of the employer and the application of the individual constitute the entire contract of insurance, and that as such, the policy itself, not section 10172, must provide for a procedure for notifying the insurer of an adverse claim and the consequent immunity to the insurer for failure to follow the procedure.

Plaintiff also places significance upon the fact that section 10172 appears in division 2, part 2, chapter 1 of the code under the general heading of "Life and Disability Insurance," whereas "Group Life Policies" are covered in division 2, part 2, chapter 2 of the code and no similar provision is made in that chapter for group life insurance policies.

Section 10172 provides in pertinent part as follows: ". . . when the proceeds of, or payments under, a life insurance policy become payable and the insurer makes payment thereof in accordance with the terms of the policy, or in accordance with the terms of any written assignment thereof if the policy has been assigned, such payment shall fully discharge the insurer from all claims under such policy unless, before such payment is made, the insurer has received, at its home office, written notice by or on behalf of some other person that such other person claims to be entitled to such payment or some interest in the policy."

Section 10172 was amended to read as set forth above by the Statutes of 1941, chapter 272, section 2, page 1382. The essential difference between the prior law and the section as amended was the addition of the statement of the following three conditions which must be satisfied if the insurer is to be held responsible to anyone, other than the named bene-

ficiary, who may have an adverse claim to the proceeds of the policy, namely that (1) prior to payment to the named beneficiary, (2) the insurer shall have received at its home office, (3) written notice of the adverse claim. Absent a showing that these three conditions have been met, the insurer is now fully dischargd from all claims under the policy by making payment in accordance with its terms.

There is no dispute in the case at bench that at the time of the insured's death the designated beneficiary under the policy was Leona E. Cooper, and that the proceeds of the policy were paid to her by the defendant insurer. There is also no contention that, prior to this payment, any written notice of an adverse claim to the proceeds of the policy was given to defendant, or that any written notice was received by defendant at its home office.

The acknowledged facts, therefore, demonstrate that the statutory conditions precedent to liability of the insurer to an adverse claimant were not satisfied here, and the insurer has been fully discharged from all claims under the policy, if section 10172 is applicable to group life policies.

By its terms, section 10172 relates to "the proceeds of, or payments under, a life insurance policy." No separate class of insurance is provided for group life insurance. (Cf. § 100 which designates the classes of insurance in California.) There was, therefore, no necessity for expressly stating that section 10172 was applicable to group life policies. Only if group life policies were to be excluded from the operation of the section would there be need for specific mention of them. In this regard it is noteworthy that in the same statute which accomplished the amendment of section 10172 to its present language, the Legislature added section 10129. This added section provided that certain other provisions of the Insurance Code "do not apply to group life policies" which contain certain prescribed provisions. It is reasonable to assume from this that the Legislature was fully cognizant of the need to make exceptions or differentiations between ordinary life insurance policies and group life insurance policies in instances where it was not intended that the general provisions of the insurance law were to be applicable to group life insurance policies.[2]

The fact that the Legislature excluded group insurance policies from the application of specific provisions of the Insurance Code is strongly persuasive that such policies are otherwise included within the purview of

---

[2]Similarly, sections 10115 and 10165 (contained in div. 2, pt. 2, ch. 1) each contain express language excluding group life policies. Section 10115 relates to payments of premiums at the time of application for life insurance "other than group life insurance," and section 10165 provides that the Standard Nonforfeiture Law shall not apply to any "group insurance" contracts which meet certain specified standards.

the other provisions of the code. "It is the rule that the exception of a particular thing from the purview of the general expressions of a statute indicates that in the opinion of the law-making body the thing excepted would have been included within the general clause if the exception had not been made. [Citations.] The limitation upon this rule is that it must not be carried too far,—that an exception from the general language of a statute is sometimes made out of an abundance of caution and not to indicate that without the exception its subject matter would come within the scope of the act." (*Tognazzini* v. *Jordan,* 165 Cal. 19, 23 [130 P. 879]; *People* v. *Arthur,* 1 Cal.App.2d Supp. 768, 773 [32 P.2d 1002].) It seems reasonable to conclude that had the Legislature intended that group life insurance policies be excepted from the provisions of section 10172 it would have done so by the addition thereto of such an exception.

The physical placement of section 10172 in part 2, division 2, chapter 1 of the code relating to "Life and Disability Insurance," rather than in part 2, division 2, chapter 2, relating specifically to "Group Life Policies," is not persuasive of the legislative intent bearing upon its application. Sections 10129, 10115, and 10165, which have been referred to above and which contain exclusions of group life policies from various provisions of the law, are found in chapter 1. Section 6 provides as follows: "Division, part, chapter, article, and section headings contained herein shall not be deemed to govern, limit, modify or in any manner affect the scope, meaning, or intent of the provisions of any division, part, chapter, article or section hereof."

While no express legislative history has been found to disclose the intention of the Legislature in adopting the amendment to section 10172 in 1941, such amendment did follow closely, in point of time, the decision in *Morrison* v. *The Mutual L. Ins. of N. Y.,* 15 Cal.2d 579 [103 P.2d 963]. The short period of time which elapsed between the decision and the amendment suggests that the amendment was enacted to facilitate the prompt payment of life insurance claims by eliminating the potential risks of double payment which faced insurers who had not received actual notice of an adverse claim to the proceeds of the insurance policy. There does not appear to be any valid reason why such a salutary purpose should not equally be applicable as well to group life insurance policies.

We are of the opinion that the conditions imposed by section 10172 are applicable to group life insurance policies. Plaintiff, not having complied with the conditions precedent contained in the section in order to place the defendant insurer on notice of the adverse claim to the proceeds of the policy prior to its having been paid to the named beneficiary therein,

may not now impose liability upon the insurer for having paid the proceeds of the policy in accordance with its terms.

There is nothing in the provisions of section 10172 which would prevent the minor children from pursuing such rights, if any, as they may have had in the proceeds of the policy as against Leona E. Cooper, the named beneficiary therein who received such proceeds. (Cf. § 10175.)

In view of the conclusion herein reached, we deem it unnecessary to comment on other points raised in plaintiff's brief.

The Judgment is affirmed.

Kaus, P. J., and Reppy, J., concurred.

A petition for a rehearing was denied June 11, 1971, and appellants' petition for a hearing by the Supreme Court was denied July 21, 1971.