**AMERICAN GENERAL LIFE INSURANCE COMPANY, INC., Plaintiff–Appellant,**

v.

**Roger N. CARPENTER; Peter Charles Carpenter; Denise M. Carpenter, Defendant–Appellees,**

No. 03–55329.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 3, 2004.*

Decided Nov. 23, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

Charan Higbee, Esq., Adrienne C. Publicover, Esq., Kelly Herlihy & Klein L.L.P., San Francisco, CA, for Plaintiff–Appellant.

Robert M. Newell, Esq., Los Angeles, CA, for Defendant–Appellees.

Before: FERNANDEZ, SILVERMAN, and CALLAHAN, Circuit Judges.

## MEMORANDUM [**]

American General Life Insurance Company, Inc., appeals the district court's grant of summary judgment to Roger N. Carpenter, Peter Charles Carpenter and Denise M. Carpenter [1] (collectively "the Carpenters"). We reverse and remand.

American General paid the proceeds of a life insurance policy to the decedent's widow, Cristina Carpenter, the designated beneficiary. Under California law, that payment fully discharged American General, unless it had written notice of an adverse interest before it made the payment. *See* Cal. Ins.Code § 10172; *Blethen v. Pac. Mut. Life Ins. Co.*, 198 Cal. 91, 101–03, 243 P. 431, 435–36 (1926); *Leonard v. Occidental Life Ins. Co.*, 31 Cal.App.3d 117, 120, 106 Cal.Rptr. 899, 901 (1973); *Cooper v. United Benefit Life Ins. Co.*, 17 Cal.App.3d 911, 914–16, 95 Cal.Rptr. 320, 322–23 (1971). Here, the problem is that a letter from the Carpenters' lawyer did give notice of a sort to American General, but the letter failed to give details available to the Carpenters, such as the decedent's middle initial, the decedent's social security number, or the number of the policy.[2] The result was that American General put the "notice" onto its investigation track, and before that process was completed, the proceeds were paid to Cristina Carpenter.

The evidence in the record does not allow a determination as a matter of law

---

R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Denise Carpenter's last name is now McNalley.

2. It is interesting that California has specifically provided for a method of notifying insurance companies about court orders regarding their policies. *See* Cal. Fam.Code § 2051. That method was not followed in this case.

either that the delay in handling the notice and the concomitant payment to Cristina Carpenter were ascribable to American General due to insufficient procedures, or that they were ascribable to the Carpenters due to the insufficiency of the notice. Thus, on this record, the district court erred when it granted summary judgment to the Carpenters, just as it would have erred had it granted summary judgment to American General. That requires us to reverse and remand for further proceedings.

REVERSED and REMANDED.