FIRST NATIONAL BANK OF ANOKA *vs.* ST. CROIX BOOM CORPORATION.

June 27, 1889.

**Pleading—General Averment of Title Controlled by Facts Pleaded.**
Where a pleading sets out the facts by which the party claims to have acquired title to property, followed by a general allegation of ownership as a result of such facts, the particular facts alleged will control; and, if they are insufficient to sustain such result, the pleading is bad. Following *Pinney* v. *Fridley,* 9 Minn. 23, (34.)

**Same—Conversion, how Alleged.**—In an action for wrongful conversion it is not necessary to plead the specific acts constituting the alleged conversion. A general allegation that the defendant has wrongfully converted the property is sufficient.

Appeal by defendant from an order of the municipal court of Stillwater, overruling its demurrer to the complaint in an action for the conversion of 17,000 feet of logs of the value of $136.

*J. N. & I. W. Castle,* for appellant.

*C. P. Gregory,* for respondent.

*By the Court.* The only allegation in the complaint as to plaintiff's right to or interest in the property alleged to have been wrongfully converted is "that the plaintiff, in the regular course of business, and to effect the payment of money already loaned and a debt owing, took an assignment of the logs marked F. D. A., and of the logs bearing said mark, on or about the 9th of February, 1884, and then and *thereby* became, and ever since has continued to be, the owner of all the logs bearing said mark." The pleader might have contented himself with a general allegation of ownership, but he has attempted to set out all the facts by which the plaintiff became the owner, and

then the general result following from those facts.    In such a form of pleading the particular facts alleged will control, and, if they do not sustain the result reached, the pleading is bad.    *Pinney* v. *Fridley*, 9 Minn. 23, (34.)    In this case there are no facts alleged to support the conclusion that the plaintiff became the owner of the logs.    It is not alleged by whom or to whom the money was loaned or the debt was owing, or from whom the assignment was taken, or that the party from whom taken had any interest in the logs.    In fact it would appear that the pleader had studiously avoided alleging any material fact.    The complaint, therefore, did not state a cause of action.

The second objection to the complaint, viz., that it does not state the particular acts constituting the alleged conversion, is not well taken.    This is not necessary.    A general allegation that the defendant has wrongfully converted the property is sufficient; but on the first ground the demurrer should have been sustained.

Order reversed.