ALMON H. PARKER *vs.* THE FIRST NATIONAL BANK OF LISBON.

Opinion filed Dec. 14th, 1892.

**Lien for Threshing—Notice—Description of Land.**

> In order to preserve a lien for threshing grain, under Ch. 88, Laws Dakota Territory, 1889, the statement which that statute directs shall be filed, must contain a description of the land whereon the grain upon which the lien is claimed was grown.

**Owner and Operator of Machine.**

> No party is entitled to a lien, under the provisions of that chapter, unless he owns and operates the machine with which the threshing was done.

**Who May Maintain Conversion.**

> An action for the conversion of personal property cannot be maintained unless plaintiff was in possession, or held a legal right to immediate possession of the property converted, at the time of the conversion.

Appeal from District Court, Sargent County; *Lauder,* J.

Action by A. H. Parker against the First National Bank of Lisbon for the conversion of a quantity of wheat. A demurrer to the complaint was overruled, and defendant appeals.

Reversed.

*Goodwin & Van Pelt* for appellant.

*Lockerby & Cady,* for respondent.

BARTHOLOMEW, J. This is an action for conversion of certain wheat. There was a demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and this appeal was brought by defendant solely upon such ruling. It will not be necessary to consume the space required to set out the complaint in full. Respondent claimed the wheat by virtue of a thesher's lien, under Ch. 88, Laws Dakota Territory, 1889. Section 1 of that chapter reads as follows: "Every person or persons owning and operating a threshing machine shall have a lien, from the date of threshing, upon all grain threshed by him with such machine, for the value of the services so rendered in doing such threshing."

The second section gives such lien, when filed within the time specified, priority over all liens or incumbrances upon the grain, created subsequent to the act. Section 3 provides for filing an account, and specifies what the account shall contain, including the number of bushels threshed, the price agreed upon for such work, the name of the person for whom such threshing was done, and a description of the land upon which the grain was grown. It also provides for filing the statement for record. Section 4 makes such filing notice to all purchasers and incumbrancers subsequent to the date of said filing; and § 5 provides for the foreclosure of the lien upon the notice, and in the manner, provided by law for the foreclosure of chattel mortgages. No copy of the statement required to be filed is incorporated in or annexed to the complaint. Appellant disclaims raising any question as to the constitutionality of the statute under which respondent claims, but contends that respondent has failed to bring himself within the provisions of the statute, in two particulars: *First*, that it does not appear from the complaint that respondent ever filed the statement required by the statute; and, *second*, that it does not appear from the complaint that respondent was the owner of the machine that did the threshing. The language used by Justice Wallin in construing the statutory seed grain lien in *Lavin* v. *Bradley*, 1 N. D. 291, 47 N. W. Rep. 384, is in all respects pertinent to this case: "In construing the seed lien statute the fact must not be overlooked that the lien given is wholly statutory in its nature and origin. It was unknown to the common law, and hence can neither be acquired nor enforced unless there has been a substantial compliance with the act of the legislature from which the lien arises." Relative to the statement filed, the complaint states: "Plaintiff further alleges that, for the purpose of securing his pay for said threshing and for the purpose of perfecting a lien on the grain so threshed, he caused to be made an itemized statement of his account for such threshing, containing his bill therefor, and after making oath thereto," etc. There is no other reference to the statement in the complaint.

The allegation is that it was "an itemized statement of his account." An itemized account, as those words are generally—and, so far as we know, universally—used, includes the names of the parties, debtor and creditor, the respective items for which the credit was given, with the dates and amounts charged for each item; and the total amount. In an itemized account for threshing, a description of the land on which the grain was grown would be entirely foreign. It would be no necessary or usual part of such an account. The pleader having alleged the character of the statement filed, under familiar rules of interpretation, we cannot presume that anything else was filed. Yet the statute is peremptory in requiring the statement to contain a description of the land on which the grain was grown, in order to entitle a party to the lien given by the statute. The necessity for such statement, particularly for the protection of subsequent purchasers and incumbrancers, is perfectly apparent. In this case it may be true that respondent performed all the acts alleged in the complaint, and yet if appellant subsequently came into possession of the wheat by purchase from the owner, or by way of security, its title would be perfect, as against respondent.

Again, under the statute, it is not the party owning a threshing machine who is entitled to the lien, nor yet the party operating such machine, but it is the person "owning and operating a threshing machine." The only allegation in the complaint upon that point is as follows: "That plaintiff was at all times hereinafter mentioned doing business of running and operating a threshing machine." That falls far short of an allegation of ownership in the machine. It is just as consistent with possession in any other capacity. An allegation much stronger than in this case was held to be an insufficient allegation of ownership in *Rugg* v. *Hoover*, 28 Minn. 407, 10 N. W. Rep. 473. We think the complaint was vulnerable to the demurrer on both these points.

Another insuperable objection is urged against the complaint, which we are compelled to notice, in view of what may hereafter appear by way of an amended complaint. Plaintiff does not

show that he was in possession, or had an immediate right of possession, of the grain at the time of the alleged conversion. The statute, at most, only gives a lien. This lien may be foreclosed upon the notice, and in the manner, provided by law for foreclosing chattel mortgages, but it carries with it no right of possession until the right to foreclosure is complete. The complaint fails to show that the credit extended to the party for whom the threshing was done had expired, or that the account was due. It is well settled that no action for conversion can be maintained unless the plaintiff shows a general or special ownership in the property converted, and possession or a legal right to immediate possession, at the time of the conversion. *Barton* v. *Dunning*, 6 Blackf. 209; *Grady* v. *Newby*, Id. 442; *Dungan* v. *Insurance Co.*, 38 Md. 242; *Owens* v. *Weedman*, 82 Ill. 409; *Fulton* v. *Fulton*, 48 Barb. 581; *Danley* v. *Rector*, 10 Ark. 211. The order of the District Court overruling the demurrer to the complaint is reversed, and that court is directed to enter an order sustaining the demurrer, and giving respondent 20 days after the entry of such order in which to amend his complaint, if he so desires. All concur.