WILLIAM JAMES, *et al., vs.* ROBERT WILSON, *et al.*

Opinion filed December 2, 1898.

**Claim and Delivery—Action by Chattel Mortgagee—Defenses.**

> In an action of claim and delivery for the unlawful detention of chattels,—which is an action in the nature of replevin in the detinet,—the defendant is permitted under a general denial to show by way of defense a right of possession superior to that of the plaintiff, either in himself or another, even if a stranger to the action; but such right of possession must be an absolute right, and not one dependent upon circumstances or conditions. Accordingly *held*, where such action was brought by a second mortgagee against the mortgagor for the possession of goods and chattels covered by the mortgage, the mortgagor cannot show in his defense that there is a prior outstanding and unpaid chattel mortgage upon the same property described in the plaintiff's mortgage, there being no evidence that the owner of the prior mortgage ever demanded possession of the property in question.

Appeal from District Court, Pembina County; *Sauter, J.*

Action by William James and Benjamin James against Robert Wilson and Jane Wilson to recover possession of personal property upon which plaintiffs held two chattel mortgages given by defendants. Verdict by direction of Court and judgment thereon for defendants. Plaintiffs appeal.

Reversed.

*Young & Burke,* for appellants.

The second mortgagee is entitled to the possession of the mortgaged property upon default in the payment of his notes, against all the world except the first mortgagee or persons holding the first mortgage notes. Cobbey on Chat. Morts. § 1043; Boone on Morts. § 262; Jones on Chat. Morts. § 497. Tender of the amount secured by a mortgage releases the property from the lien. *Corbitt* v. *Heisty,* 15 Ia. 296; *Tompkins* v. *Bates,* 7 N. W. Rep. 163; *Knox* v. *Williams,* 39 N. W. Rep. 786; *Hall* v. *Godfrey,* 47 N. W. Rep. 851; *Moore* v. *Norman,* 45 N. W. Rep. 857; *Flanders* v. *Chambers,* 24 Mich. 305; *Lucking* v. *Wesson,* 25 Mich. 443. The second mortgagee may pay off the first mortgage indebtedness and be subrogated to all rights under first mortgage. *Farrington* v. *Bristol,* 35 Mich. 28. A condition does not invalidate a tender if it is one the law would otherwise impose. *Halpin* v. *Phoenix Ins. Co.,* 118 N. Y. 165; *Newman* v. *Tymeson,* 13 Wis. 191. A defendant in replevin will not be entitled to a judgment for a return, by showing property in a stranger, unless he connects himself with the stranger's title so as to show paramount right of possession. *Rogers* v. *Arnold,* 12 Wend. 30; *Hoyt* v. *Van Alstyne,* 15 Barb. 572; *Gardner's Adm'r* v. *Morrison,* 12 Ala. 547; *Gerber* v. *Mouie,* 56 Barb. 652; *White* v. *Webb,* 15 Conn. 302; *Van Namme* v. *Bradley,* 69 Ill. 299; *Adams* v. *Wilde,* 107 Mass. 123; *Simpson* v. *Warren,* 50 Ill. 222; *Brusley* v. *Hamilton,* 15 Pick. 40; *Rankin*

v. *Greer,* 38 Kan. 343. The same rule obtains in actions of trover. *O'Brien* v. *Helburn,* 22 Tex. 617; *Davis* v. *Loften,* 6 Tex. 489; *Burns* v. *Lidwell,* 6 Mo. App. 192; *Johnson* v. *Carnley,* 10 N. Y. 570; *Stowell* v. *Otis,* 71 N. Y. 36. The Court erred in admitting evidence of title in third person, it was not within the issues. *McMillan* v. *Actchison,* 3 N. D. 183; *Stowell* v. *Otis,* 71 N. Y. 36. It was error for the Court to direct a verdict for defendants. *Slattery* v. *Donnelly,* 1 N. D. 264; *Pirie* v. *Gillitt,* 2 N. D. 255.

*John D. Stack,* for respondent.

Right of possession in a third person is a good defense in replevin in the detinet and the person pleading it need not connect himself with such third person's title. Plaintiff must recover on the strength of his own title. *Plano Mfg. Co.* v. *Daley,* 6 N. D. 330, 70 N. W. Rep. 277; *Russell & Co.* v. *Amundson,* 4 N. D. 112; *Pitts & Co.* v. *Young,* 6 S. D. 557, 62 N. W. Rep. 432; *Fuller* v. *Brownell,* 67 N. W. Rep. 6; *Griffin* v. *Long Island R. Co.,* 101 N. Y. 348; *Kennedy* v. *Shaw,* 38 Ind. 474; *Connor* v. *Knott,* 8 S. D. 307, 66 N. W. Rep. 461. The verdict was properly directed for defendants because the complaint did not state a cause of action in this that the facts showing plaintiffs special property or lien were not specially pleaded. *Donovan* v. *St. A. & D. Elev. Co.,* 7 N. D. 513, 75 N. W. Rep. 809; *Madison Nat. Bank* v. *Farmer,* 5 Dak. 282, 40 N. W. Rep. 345; *First Nat. Bank* v. *North,* 2 S. D. 480, 51 N. W. Rep. 96; *Thompson* v. *Nichols,* 72 N. W. Rep. 217; *Garber* v. *Palmer,* 66 N. W. Rep. 656; *Camp* v. *Pollock,* 64 N. W. Rep. 231. The abstract does not show sufficient evidence to sustain appellants' contention. *Ashe* v. *Beasley,* 6 N. D. 191. The chattel mortgages of plaintiffs were not properly proved so as to be received in evidence. *Brynjolfson* v. *N. W. Elev. Co.,* 6 N. D. 450. Both parties asked for a directed verdict, thus waiving the right to have disputed questions of fact submitted to the jury. *N. E. Mtge. Scty. Co.* v. *Great Western Elev. Co.,* 6 N. D. 407. Neither did appellants ask to submit any disputed question of fact to the jury. *Stanford* v. *McGill,* 6 N. D. 536.

WALLIN, J. This action was brought to recover the possession of personal property, consisting of wheat, oats, and barley, and certain farm machinery. Plaintiffs claim the right of possession under two chattel mortgages covering said property, executed by the defendant Robert Wilson, and delivered to the plaintiffs to secure certain promissory notes described in the mortgages. It is conceded that the notes were due and unpaid when this action was commenced, and both of the notes and mortgages were put in evidence without objection. It was expressly conceded by the defendants' counsel at the trial that the plaintiffs were entitled to the possession of said farm machinery, and, on the other hand, it was practically conceded by the plaintiffs' counsel that under the evi-

dence the mortgages of the plaintiffs did not cover the oats and barley. At the close of the case the trial court directed a verdict in favor of the defendants as follows: "The Court directs you that your verdict will be for the defendants, Robert Wilson and Jane Wilson, in this action, for the possession of the wheat, oats, and barley described in the complaint; and, in case a return thereof cannot be had for the value thereof, the value to be fixed by you under the evidence given here in court. The amount will be shown by the papers, and I think is undisputed. You will arrive at the value from the evidence given by the witnesses here in court." Pursuant to this direction of the trial court, the jury returned a verdict for the value of said grain, aggregating $344.58. The defendants' answer was amended at the trial, and, as amended, embodied a general denial, and also set out the following as a special defense: "Third. That the right to the possession of all the crops mentioned in the complaint was at the time of the commencement of this action, and at all times since and prior thereto, in one Mary Simmons, and not in these plaintiffs, or either of them." In support of this special defense the defendants offered testimony tending to show that the defendants had, long prior to the execution of the two chattel mortgages of the plaintiffs, made and delivered two other chattel mortgages to secure the defendants' obligations, and that the same had been properly filed, and were due and outstanding mortgages, and that the same were unpaid at the time this action was commenced, and were then owned by the said Mary Simmons. The fact that said prior mortgages were executed and delivered is conceded by the plaintiffs' counsel, but plaintiffs' counsel strenuously contends that the evidence shows that one of said mortgages was paid prior to the commencement of this action, and that the other had ceased to be a lien, for the reason that payment thereof had been tendered prior to the commencement of this action, and that said tender had been kept good. The two prior mortgages and the notes secured thereby were put in evidence by the defense against the plaintiffs' objections, and this ruling is assigned as error in this Court. This evidence was objected to on various grounds, only one of which need be referred to, viz: that such evidence was incompetent, irrelevant, and immaterial, and does not tend in any way to disprove plaintiffs' right to the possession of the property described in the complaint. As we have determined that this objection is vital, and must be sustained, it need not be decided in this case whether the prior mortgages had or had not been paid or legally discharged at any time prior to the commencement of this action or at all; and we shall assume for the purposes of this decision that the mortgages were due and unpaid, and were the property of Mary Simmons when the action began. The action being in the nature of replevin in the detinet, it was competent for defendants to show, when the action was commenced, either that the defendants were lawfully entitled to the possession of the property, or that some person other than the defendants had the right of

possession as against the plaintiffs. This rule has become element-
ary, and hence citations in its support are unnecessary; but see
*Griffin* v. *Railroad Co.,* 101 N. Y. 348, 4 N. E. Rep. 740, for an
exposition of the rule. As against the plaintiffs' right of possession,
the defendants cannot rely upon their general ownership of the
property in question, inasmuch as it is undisputed that the debts
secured by plaintiffs' mortgage were due and not paid when the
action began. So far as appears by the record, the only defense
attempted to be interposed at the trial to plaintiffs' right of pos-
session under their mortgages was the attempt to show that Mary
Simmons, under and by virture of said prior chattel mortgages,
had a right of possession as against the plaintiffs. No evidence
was offered tending to show that Mary Simmons had ever de-
manded the possession of the property in question, or that she
intended at any time to make a demand therefor under said prior
mortgages, or at all. We are of the opinion that the prior mortgages
were inadmissible in evidence, for the reason that they do not
show such a matured and unconditional right of possession in Mary
Simmons as will defeat the plaintiffs, who have demanded pos-
session under their mortgages and against whose right of possession
no counter or superior right has ever been asserted by the owner
of the prior mortgages. In this state a chattel mortgage in the
usual form does not transfer title, nor does it confer the absolute
right of possession, even after condition broken. Until the right
is definitely asserted, and possession is demanded by the mort-
gagee, it is a mere lien. Rev. Codes, § § 4683, 4714. In juris-
dictions where title passes by a chattel mortgage if the instrument
embraces a stipulation that the mortgagor may retain possession of
the property until a breach of the conditions of the mortgage has
occurred, the debtor cannot, as against a plaintiff suing him in re-
plevin, set up such mortgage as a defense, where there is no evidence
that the prior mortgagee has ever made any claim under his mort-
gage. *Adams* v. *Wildes,* 107 Mass. 123. See, also, *Gardner's Adm'r*
v. *Morrison,* 12 Ala. 547. In the case last cited the Court uses
this language: "It is no objection to this conclusion that plaintiff's
title is subordinate to that of the first mortgagee, and that the prop-
erty may be recovered of him by the latter. This is a matter with
which the defendant has no concern. The plaintiff may relieve
himself from the lien of the first mortgage by purchasing it, or pay-
ing the debt for which it provides, or he may go into equity, and
foreclose, giving the first mortgagee the preference in the payment
of his demand. Whatever be the rights and remedies between prior
and subsequent mortgagees it is unimportant to the defense set up."
We regard this language as being strictly appropriate to the case
at bar. In this case there is no controversy between a second
and a first mortgagee. But, on the contrary, the defendants are seek-
ing shelter under the rights of another, who has not asserted any
rights as against the plaintiffs in this action, and who may never
do so. The case of *Rankine* v. *Greer,* 38 Kan. 343, 16 Pac. Rep.

680, is squarely in point. In that case the Court, after fully recognizing the rule that in replevin in the detinet a defendant may show in his defense under a general denial a superior right of possession in another, even in a stranger, proceeds to say: "But this right of possession must be an absolute right; one not contingent nor dependent upon circumstances or conditions." Further on, referring to the defense of a prior outstanding chattel mortgage, the Court uses the following language: "This right of possession under a mortgage is a right to be claimed by the mortgagee. He might never claim the property; it might not be necessary for him to do so; the debt might be paid, or he might have other security or other property included in his mortgage sufficient to satisfy his claim independent of this property." Upon the reason and authority of these cases we are satisfied that the prior mortgages in question should not have been admitted in evidence, and that the trial court erred in assuming that the same constituted a defense to plaintiffs' cause of action.

Respondents' counsel argues in his brief that the chattels in question apear to be the property of the defendant Jane Wilson, and not that of her husband, Robert Wilson, who alone executed the mortgage. There is no foundation in the record for this claim. The evidence of Robert Wilson's ownership is ample and undisputed. Besides, this point does not appear to have been raised below in any manner, and it therefore cannot now be raised in this Court.

Respondents further claim that, inasmuch as the appellants' abstract fails to set out the fact that plaintiffs' two mortgages contained stipulations permitting the plaintiffs to take possession of the mortgaged property on default of payment, therefore that this Court cannot assume that the plaintiffs have shown by their evidence any right of possession. The point is purely technical, and is not supported by any contention that the mortgages in fact were devoid of the usual stipulations concerning the right of possession. The only claim is that such stipulation is not set out in the abstract. The abstract embraces a brief and condensed reference to the plaintiffs' mortgages, and shows that they were introduced in evidence, and their character and description is fully indicated by the complaint, which is set out in the abstract. True, there was a general denial in the answer, but the record shows that the mortgages were put in evidence without objection, and nothing in the case tends to show that these particular mortgages did not contain the usual stipulation concerning taking possession by default; but on the contrary, the defendants' attitude at the trial was that the plaintiffs had made out a prima facie right of possession under the mortgages, and the evidence of the defendants was offered solely to defeat the plaintiffs' prima facie case so made out. Besides, the respondents admitted in open court at the trial that the plaintiffs were entitled to the possession of part of the property described in the mortgages. This admission goes upon the theory that plaintiffs' mortgages gave them a right to take possession upon default.

Plaintiffs claim no right of possession other than that contained in their mortgages. The point not being made below, the appellants were fully justified in assuming that it would not be urged in this Court, and hence it was correct practice to omit this feature from the abstract. There is no merit in this contention. Our conclusion is that the Court erred in admitting the prior mortgages in evidence. The judgment and order refusing a new trial will be reversed.

BARTHOLOMEW, C. J., concurs.

YOUNG, J., having been of counsel, did not sit in the case. (77 N. W. Rep. 603.)