H. J. BLOEMENDAL and Others v. H. C. ALBRECHT.

April 27, 1900.

Nos. 12,015—(110).

### G. S. 1894, § 5854—Occupant May Remove Crops Sown.

Under G. S. 1894, § 5854, the owners of crops which they have sown upon lands occupied by them may enter upon the premises for the purpose of removing the crops after entry of judgment against them in ejectment, although such owners were adjudged to be not entitled to possession of the land when the crops were sown.

Action commenced before a justice of the peace in Renville county to recover $90, and interest, damages for conversion of crops. From a judgment in favor of plaintiffs, defendant appealed to the district court for that county, and the action was removed to the district court for Sibley county, where it was tried before Cadwell, J., and a jury, which rendered a verdict in favor of plaintiffs for $94.40. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*Ed. H. Huebner*, for appellant.

*J. M. Freeman*, for respondents.

LEWIS, J.

Plaintiffs Bloemendal were in possession of certain premises in the spring of 1898, then and for many years having resided thereon. On May 5 of that year they rented a part of the premises to plaintiff Quade, who planted a crop thereon. At the trial it was stipulated that on October 16, 1898, a writ of restitution had issued out of the district court of Renville county upon a judgment in an action wherein defendant, Albrecht, was plaintiff, and plaintiffs Bloemendal were defendants, which judgment had decreed Albrecht to have been the owner of and entitled to the possession of the premises since April 1, 1898; that on October 18, 1898, the Bloemendals were ejected from the premises by the sheriff of the county under the writ. After the ejectment plaintiff Quade, who was a renter, attempted to enter upon the premises for the purpose of removing a part of the crop which he had raised during the season, but was prevented from so doing by defendant. The plaintiffs were owners in common of the crop so raised, and bring this action to recover the value of grain taken possession of by defendant. Plaintiffs had a verdict, and defendant appeals from an order denying a new trial.

1. The first assignment of error calls in question the sufficiency of the complaint. Granting that the complaint was defective in the first instance, under First Nat. Bank of Anoka v. St. Croix Boom Corp., 41 Minn. 141, 42 N. W. 861, the amendment allowed by the court cured it by substituting for the special allegations a general allegation of ownership in the plaintiffs.

2. The other assignments go to one question only, and may be considered together. Defendant relies upon the proposition that, because it was proven that he was the owner of, and entitled to the possession of, the premises on April 1, 1898, before the crops were sown, he was continually the owner of the crops, although plaintiffs were not ejected until after the crops matured.

"The occupant, in case of ejection, shall be entitled to enter the land, and gather and remove all crops sown thereon previous to the entry of judgment against him." G. S. 1894, § 5854.

Under the stipulation, the decree and writ of restitution must

79 M.—20

be considered as being founded in an action of ejectment. Under the evidence, the plaintiffs were occupants, within the meaning of this section, and as such were entitled to enter upon the land after the entry of judgment, and after ejection, for the purpose of removing all crops sown thereon prior to the entry of the judgment. It is immaterial that defendant's title and right of possession antedated the sowing of the crops. There is no evidence to show that plaintiffs were trespassers. The Bloemendals had been in possession and residing upon the land for years, and were holding over, and it must be assumed that the rights of the parties were litigated in the action culminating in the judgment.

Order affirmed.