A. L. MILLER and Clyde Webber, Copartners Doing Business under the Firm Name and Style of Miller & Webber, v. NATIONAL ELEVATOR COMPANY, a Corporation.

(155 N. W. 871.)

**Grain — special property in — action — thresher's lien — damages — elevator company — conversion — evidence — demurrer to on trial.**

1. In an action by persons having a special property in certain grain by virtue of a thresher's lien, to recover damages against an elevator company for the alleged conversion of a portion of such grain, the complaint is construed

and *held* not vulnerable to attack at the trial by a demurrer to the evidence for alleged insufficiency of its allegations to state a cause of action.

**Memorandum book — accounts — entries — accurate — verified — must be.**

2. Plaintiffs were permitted, over defendant's objection, to introduce in evidence a certain memorandum book kept by plaintiff Miller purporting to show the number of bushels threshed. The record discloses that plaintiff Webber furnished such data to his partner from a memorandum made by him sometime prior thereto. The accuracy of such entries was in no way verified. *Held,* for reasons stated in the opinion, that the admission of such exhibit constituted prejudicial error.

**Special property — value of — competent evidence — defendant's liability.**

3. It was incumbent upon plaintiffs to prove by competent testimony the value of their special property in the grain, for such value fixes the maximum limit of defendant's liability.

**Instructions — jury — new trial.**

4. The specification challenging certain instructions to the jury is not passed upon, as it does not appear that the questions involved will arise on another trial.

Opinion filed December 22, 1915.

This is an appeal from the District Court of Bottineau County; *Burr,* J., action by A. L. Miller and Clyde Webber, copartners, against the National Elevator Company. From a judgment in plaintiffs' favor, defendant appeals.

Reversed, and a new trial ordered.

*Cowan & Adamson* and *H. S. Blood,* for appellant.

To state a cause of action in conversion, the complaint must show that plaintiff is the owner or has a special property in the subject of conversion, that he is entitled to its possession, and that defendant wrongfully converted it. Parker v. First Nat. Bank, 3 N. D. 87, 54 N. W. 313; Simmons v. McConville, 19 N. D. 787, 125 N. W. 304; Hodge v. Eastern R. Co. 70 Minn. 193, 72 N. W. 1074; Ring v. Neale, 114 Mass. 111, 19 Am. Rep. 316; Glass v. Basin & B. S. Min. Co. 31 Mont. 21, 77 Pac. 302.

Plaintiffs must establish a demand for the property. They must allege and prove it. Parker v. First Nat. Bank, 3 N. D. 90, 54 N. W. 313.

Entries in books made by private parties are not admissible in evi-

32 N. D.—23.

dence, unless they are made contemporaneously with the facts to which they relate, by persons having knowledge of them, and are corroborated by competent evidence.    Chaffee v. United States, 18 Wall. 516, 21 L. ed. 908.

The grain threshed must have been grown on the land described in the complaint and lien statement, or there is no lien.    Parker v. First Nat. Bank, supra; Martin v. Hawthorn, 3 N. D. 412, 57 N. W. 87.

Resort must first be had to the property on which one has an exclusive lien, if the same can be done without loss, before property on which others have subsequent liens can be sold and applied, where proper demand is made.    Union Nat. Bank v. Moline, M. & S. Co. 7 N. D. 201, 73 N. W. 527.

No appearance for respondent.

Fisk, C. J.    Plaintiffs, who claim to have had a thresher's lien covering certain grain purchased by defendant elevator company, brought this action against it to recover damages alleging an unlawful conversion of such grain.    Plaintiffs prevailed in the district court, and from the judment, and also from an order denying a new trial, defendant appeals.    No brief has been filed or appearance made in this court by respondents.

Appellant served and filed numerous specifications of error, challenging various rulings of the trial court in the admission of testimony and in denying its motions for a directed verdict; also in giving certain instructions and in refusing to give others requested by it.    The sufficiency of the evidence to justify plaintiffs' recovery is also challenged by numerous specifications.    In view of the fact that specifications numbered one, three, and seven are the only ones argued in the brief, the others are deemed abandoned, and will not be further noticed.

Specification one challenges the correctness of the ruling in denying defendant's objection to the admission of any evidence under the complaint, upon the ground of its alleged failure to state facts sufficient to constitute a cause of action, the particular points being that it nowhere sufficiently alleges facts showing plaintiffs' special property by virtue of their thresher's lien upon, nor plaintiffs' right to the immediate possession of, such grain.    We quote from the brief:  "The complaint in paragraph seven reads:  "That by virtue of the facts hereinbefore

recited, the plaintiffs had a special property in, and were entitled to the immediate possession of, all of the personal property hereinbefore described." This is not an unrestricted general allegation that the plaintiffs have an interest in and are entitled to the possession of the property described, held by some courts to be sufficient allegations of ownership and right to possession to sustain an action in conversion, when joined with the allegations that defendant wrongfully converted the property.

In order to state a cause of action in conversion the complaint must show: (1) That plaintiff is the owner of or has a special interest in the property, and the value of such special interest. (2) That he is entitled to its possession. (3) That the defendant has wrongfully converted it. Parker v. First Nat. Bank, 3 N. D. 87, 54 N. W. 313; Simmons v. McConville, 19 N. D. 787, 125 N. W. 304; Hodge v. Eastern R. Co. 70 Minn. 193, 72 N. W. 1074; Ring v. Neale, 114 Mass. 111, 19 Am. Rep. 316; Glass v. Basin & B. S. Min. Co. 31 Mont. 21, 77 Pac. 302.

The complaint is deficient in both one and two. Had it merely recited that plaintiffs had a special interest in and were entitled to the immediate possession of the property, and had there stopped, it would have been sufficient under some of the authorities; but it recites that the plaintiffs had a special property in it, and were entitled to its immediate possession by virtue of the facts hereinbefore recited. Consequently the sufficiency or insufficiency of the allegations of interest in and right to possession is governed by the sufficiency or insufficiency of the facts recited to show such interest in and right to possession.

The interest claimed by the plaintiffs being merely a thresher's lien, the owner of the grain, or, if it had been sold, the purchaser, was entitled to possession until the plaintiffs' right to foreclose their lien had arrived and they had demanded possession for the purpose of foreclosing their lien.

The right to foreclose could not come into being except upon maturity of the indebtedness for the threshing, and possession in the defendants could be made wrongful only by a demand by plaintiffs for possession, made after maturity of the indebtedness. Since the complaint recites neither the maturity of the indebtedness nor demand for possession,

the plaintiffs are not entitled to the possession by virtue of the facts hereinbefore recited.

It is observed that the above argument is predicated upon the assumption that plaintiffs' cause of action is necessarily in trover or conversion, as was likewise assumed by this court in Parker v. First Nat. Bank, 3 N. D. 87, 54 N. W. 313 (relied on by appellant), and in numerous later cases involving somewhat analogous facts. Even granting the correctness of such assumption, we are inclined to disagree with counsel's contention. The complaint in substance alleges: That plaintiffs at all times mentioned were the owners and operators of a threshing rig, and on or about September 1, 1912, were employed by one Titus to do the threshing of the grain grown during that year on certain described premises, at the agreed price of 10 cents per bushel for wheat, and 6 cents per bushel for oats; that pursuant to such contract, and between September 27, 1912, and October 1, 1912, they threshed for said Titus such crops, amounting to 3,107½ bushels of wheat and 2,650 bushels of oats; that no part has been paid; that on October 14, 1912, they filed their verified claim for a threshing lien. Then follows paragraph 7; "That by virtue of the facts hereinbefore recited, the plaintiffs had a special property interest in, and were entitled to the immediate possession of, all of the personal property hereinbefore described," and paragraph 8; "That at Antler, on October 14, 1912, defendant, then being in possession of such grain, unlawfully converted the same to its own use, to plaintiffs' damage in the sum of $469.75."

Paragraph 7 may be eliminated entirely, as stating mere legal conclusions, and yet we think the complaint sufficiently states a cause of action for conversion of the grain covered by plaintiffs' lien, especially as against attack at the trial. The complaint in Parker v. First Nat. Bank, supra, is not set out in the opinion in that case, but it appears from such opinion that the lien statement was not incorporated in or made a part of the complaint, as was done in the case at bar. Furthermore, the complaint in such case, which was attacked by demurrer, failed to show that any lien statement containing the necessary recitals of fact, as required by the statute, was ever filed, nor did the complaint allege that plaintiff was the owner of the threshing machine. That case does not support appellant's contention, nor has our attention been called to any authority which does.

But conceding for the sake of argument that the complaint fails to state a good cause of action in conversion, does it follow from this that the ruling complained of was erroneous? We think not. With due deference to the views of this court, as formerly constituted, in Parker v. First Nat. Bank, supra, and later cases following its reasoning, to the effect that in this kind of cases the plaintiff's remedy is in trover or conversion, we are satisfied that this is clearly incorrect. Such doctrine necessarily leads to the untenable conclusion that there can exist a wrong without a remedy, for manifestly plaintiffs, even conceding that they are not entitled to the immediate possession of the grain, are or may be injured in their lien rights by an unlawful conversion of the grain covered by their lien. It is therefore an unwarranted conclusion to say that trover or conversion must lie, or the injured lienee is remediless. A plaintiff under the Code is not required to label his cause of action as at common law; and if he states facts entitling him to relief under any form of action at common law, it is sufficient. This was expressly recognized by Mr. Chief Justice Corliss in his opinion in Black v. Minneapolis & N. Elevator Co. 7 N. D. 129, 73 N. W. 90. We quote: "If, on common-law principles, the plaintiff could not recover for damages for an injury to his possessory right, because he had no such right, he cannot now recover such damages. The old distinctions in the manner of stating the cause of action are abolished. It is not necessary that the plaintiff should plead with all the technical precision of the common law. It is sufficient if he spreads out the facts upon the face of his pleading; and it is not even important that he should correctly name the nature of his cause of action. But it is still true that, if his facts do not show a right to possession, but only a right to have his lien respected, he cannot recover the value of the property as damages for the disturbance of the right to possession, but only the amount of the special injury he has sustained by an unlawful interference with his rights. Nor can it be said that the Code has abolished even the names of different causes of action. It is still true, as formerly, that an action to secure the possession of a specific chattel is an action of replevin, and that a suit to recover damages for the wrongful taking thereof is an action for conversion; and bar and bench will continue to recognize these inherent distinctions, despite all legislative efforts to obliterate them. We do not hold that plaintiff should have

failed because he has sued in trover, and has not shown a conversion. His complaint warranted a recovery on the theory of a special injury to his lien rights. But he failed in his proof. The owner of the wheat subject to the lien had an undoubted right to sell it to anyone. He who bought it would take it subject to the lien, but it is also true that he would succeed to all the owner's rights. The defendant purchased the grain subject to the lien, but it had the same right to retain possession, as against the plaintiff, that the owner had. The plaintiff's remedy was not to recover possession, and then foreclose his lien, but to obtain possession in the foreclosure action itself. His demand upon the defendant did not render it liable for an action to recover the value of the wheat, or for damages to his security. The lien rights of a party are injured only when the property is placed beyond his power to reach it for purposes of foreclosure. So far as we know from this record, the property which is subject to the plaintiff's lien is still in the possession of the defendant, and can be taken by plaintiff in an action to foreclose his lien. All that was proved in the case was the fact of a purchase of the wheat by defendant, and the further fact that it had refused on demand to deliver the property to the plaintiff. In buying the grain, its act was lawful, and was not an invasion of the plaintiff's rights. When it refused to deliver up the property, it merely subjected itself to an action in equity to foreclose the lien. Such an action has not been brought. This suit is either for the conversion of this wheat, or to recover damages for the injury to the plaintiff's rights as a lienholder. By nothing that it has done has the defendant subjected itself to either liability. It does not appear that it has mixed the grain with other grain, or has shipped it out of the state." See also 6 Cyc. 686, 691 and cases cited. We quote from Cyc. at page 691: "Where plaintiff has a lien on the property injured, he may maintain an action on the case, where the injuries complained of diminish the value of his security or operate to make it ineffectual." As correctly stated in the note to the above text: "This doctrine is based on the theory that the wrong is done to property of which plaintiff has neither the possession nor the right to possession; and since trespass, detinue, or trover will not lie, the law for the injury to plaintiff's rights will afford a remedy by an action on the case,"—citing numerous cases, among which is that of Goulet v. Asseler, 22 N.

Y. 225, a very instructive case upon this point. It is true, as disclosed in Goulet v. Asseler, that the measure of damages in actions on the case differs from the measure of damages in trover and conversion. This, however, is not important upon the present inquiry as to the sufficiency of the complaint to state a cause of action. It follows that appellant's specification of error number one is without merit.

Specification number three challenges the correctness of the ruling admitting in evidence exhibit one, such exhibit being a memorandum book kept by plaintiff Miller, purporting to show the amount of grain threshed for Titus as alleged, and made up of figures concededly furnished him by his partner, Webber, who took them sometime prior thereto from a reading of the tally on the separator weighing machine.

Such exhibit was, we think, clearly inadmissible, and the ruling admitting the same constituted prejudicial error. Aside from this exhibit there was no testimony introduced from which a finding as to the amount of the grain threshed could be made. Manifestly, it was necessary for plaintiffs to prove by competent testimony the value of their special property in this grain, for that is the limit of their damage, and that is dependent, of course, upon the amount of grain threshed by them for this man, Titus. It does not appear that the entries in this exhibit were made contemporaneously with the transactions to which they relate, and this it was incumbent upon the plaintiff to show. Chapter 118, Laws of 1907. Moreover, it affirmatively appears that the book, exhibit one, is not a book of original entries, and there is a signal failure to furnish any proof of the accuracy of such entries. Had such proof been supplied by showing that plaintiff Webber furnished to his partner the correct figures as to the number of bushels threshed, and that the latter correctly transcribed such figures into exhibit one, such exhibit might have been competent as a memorandum of the transactions, to be used to refresh the recollection of the plaintiffs. But, as before stated, no such showing was made.

Specification number seven calls in question the correctness of certain instructions to the jury. There is much force in the contentions of appellant's counsel under this specification, but we deem it unnecessary to pass thereon at this time, as it does not appear that these questions will necessarily arise upon another trial.

For the foregoing reasons the judgment appealed from is reversed and the cause remanded for a new trial.