SARAH E. HELLSTROM, Respondent, v. FIRST GUARANTY BANK, a Corporation, Appellant.

(191 N. W. 963.)

**Pleading — specific recitals as to ownership through chattel mortgages in complaint for conversion controls allegations of general ownership.**

1. In a complaint for conversion, where there are allegations of general ownership and right of possession followed by specific recitals setting forth a special ownership through chattel mortgages, such specific recitals control in determining the sufficiency of the complaint in stating a cause of action.

**Chattel mortgages — complaint alleging special interest through chattel mortgage, but failing to allege grounds entitling plaintiff to possession, held not to state a cause of action.**

2. In this state, where a chattel mortgage is a mere lien, and as such transfers no title to the property mortgaged, a complaint, in an action for conversion, which alleges a special interest and right of possession in plaintiff by reason of unpaid demand notes secured by chattel mortgages, and the wrongful conversion of the property by a defendant not the mortgagor, but which fails to allege any demand for payment, or breach of condition stipulated in the mortgage which entitles the mortgagee to possession of the property, fails to state a cause of action.

Opinion filed January 22, 1923.

Chattel Mortgages, 11 C. J. § 1 pp. 399 n. 3; § 316 p. 611 n. 80. Pleading, 31 Cyc. p. 85 n. 38.

Action for conversion in Burleigh County, *Nuessle*, J.

Defendant has appealed from an order overruling a demurrer.

Reversed.

*E. T. Burke*, for appellant.

*Theodore Koffel*, for respondent.

## Statement.

Bronson, Ch. J. In an action for conversion defendant has appealed from an order overruling a demurrer.

The allegations of the complaint, necessary to be stated, are substantially: That plaintiff, on November 22nd, 1921, was the owner of, and entitled to the possession of, certain personal property under, and by virtue of, two chattel mortgages made by the Rex Theatre Company to plaintiff; that one mortgage, dated May 3d, 1920, secured one note for

$803.12 dated March 27th, 1920, due and payable on demand, with interest at 10 per cent per annum, no part of which has been paid; that another chattel mortgage dated July 7th, 1920, secured one note, dated May 8th, 1920, for $128 and another note, dated June 28th, 1920, for $1,269.36 payable on demand with interest at 10 per cent per annum, no part of which has been paid; that there is now due and unpaid on such notes $2,588.29; that on November 22nd, 1921, the defendant, without knowledge or consent of plaintiff, seized the property mortgaged and sold and converted the same, to plaintiff's damage, through defendant's wrongful act, in the sum of $2,588.29.

Defendant demurred to the complaint upon the ground that it failed to state a cause of action.

## Decision.

Upon the pleadings it may be conceded that the allegation that defendant converted the property was sufficient to permit plaintiff to introduce evidence to prove a conversion including a demand upon, and refusal by, defendant to deliver the property mortgaged to plaintiff. More v. Western Grain Co. 31 N. D. 369, 378, 153 N. W. 976. Further, that in order to state a cause of action in conversion it was only necessary for the complaint to show that the plaintiff was the owner of, or had a special interest in, the property and the value of such special interest; that plaintiff was entitled to its possession; and that defendant had wrongfully converted it. Miller v. National Elevator Co. 32 N. D. 352, 355, 155 N. W. 871.

However, where general allegations of ownership and right of possession are followed by recitals alleging a special interest or ownership by virtue of a chattel mortgage, the sufficiency of such allegations concerning ownership and right to possession are governed by the special recitals concerning the special interest and right to possession. Ibid.; First Nat. Bank v. St. Croix Boom Corp. 41 Minn. 141, 42 N. W. 861; Raymond Bros. v. Miller, 50 Neb. 506, 70 N. W. 22.

Tested by these principles the complaint is defective because it does not allege plaintiff's right of possession at the time of the alleged conversion. The only manner in which any right of possession in the plaintiff can be spelled out of the complaint is through the general

allegation of ownership; and that plaintiff was entitled to possession on November 28th, 1921. But the specific recitals concerning plaintiff's special interest control. They do not show that plaintiff was entitled to the possession of the mortgaged property at the time of the alleged conversion.

It may be conceded that the indebtedness, for which the chattel mortgages stood as security, was evidenced by demand notes; that these demand notes are deemed to be due and payable from the time of their delivery. Shuman v. Citizens State Bank, 27 N. D. 599, 604, L.R.A. 1915A, 728, 147 N. W. 388. But, the failure to pay such demand notes did not give, ipso facto, to the mortgagee the right of possession in the absence of an averment to that effect, so stipulated in the provisions of the mortgage. In this state the mere execution of the mortgage does not entitle the mortgagee to the possession of the property mortgaged. Comp. Laws, 1913, § 6740. It is a lien and as such transfers no title to the property subjected to the lien. Comp. Laws, 1913, §§ 6709, 6739. This court has heretofore held that in this state a chattel mortgage in the usual form does not transfer title; nor does it confer the absolute right of possession even after condition broken; that, until the right is definitely asserted and possession is demanded by the mortgagee, it is a mere lien. James v. Wilson, 8 N. D. 186, 189, 77 N. W. 603. See 11 C. J. 558. The complaint fails to allege a demand for payment or any breach of condition stipulated in the mortgage, which entitled the mortgagee to possession of the property at the time of the alleged conversion. This demand affects the right of possession and is not the demand which serves to establish proof of the act of conversion. This action is brought against a third party, not against the mortgagor. The demurrer should be sustained. The order is reversed with costs.

BIRDZELL and JOHNSON, JJ., and COOLEY and BERRY, Dist. JJ., concur.

CHRISTIANSON and NUESSLE, JJ., did not participate.