SARAH E. HELLSTROM, Respondent, v. FIRST GUARANTY BANK, a Corporation, Appellant.

(195 N. W. 512.)

**Chattel mortgages — petition for conversion held sufficient.**

A complaint alleging plaintiff's special property interest as chattel mortgagee, her right to immediate possession of the property, her demand for payment of the demand notes secured by the mortgage, the mortgagor's neglect and failure to pay, and the conversion of the property by defendant alleges a cause of action.

Opinion filed October 12, 1923.    Rehearing denied October 27, 1923.

Chattel Mortgages, 11 C. J. §§ 255 p. 556 n. 77; 287 p. 592 n. 68; 316 p. 611 n. 80.

---

Note.—Right of mortgagee of chattels to maintain action for conversion, see 26 R. C. L. 1136.

In District Court, Burleigh County, *Jansonius, J.*

Action for conversion.

Defendant has appealed from an order overruling a demurrer to the complaint.

Affirmed.

*E. T. Burke,* for appellant.

The rule is that the plaintiff may, if he chooses without undue prolixity allege the facts showing the ownership and right to possession, even without any express averments of property in him. But where the facts alleged show that the plaintiff did not have such property and right to possession in the goods, as entitle him to maintain the action, the pleading is bad and will not be aided by any averments of legal conclusion which are not warranted by the facts alleged. 21 Enc. Pl. & Pr. 1065.

In trover, plaintiff must either have the possession or the immediate right of possession of the property to entitle him to recover. The precedents from all the books upon pleadings required that the petition must show that the plaintiff was in the actual possession of the property at the time of conversion, or, if not in possession, that he was entitled to the immediate possession of the property. Kennett v. Peters, 54 Kan. 119, 45 Am. St. Rep. 274. Maxwell on Code Pleading, 637, and Swan on Pleadings expressly states that the petition for the conversion of chattels must allege. "If the plaintiff was not in possession" that he "was entitled to the immediate possession of the property." Bolling v. Kirby, 24 Am. St. Rep. 798; Hostler v. Skull, 1 Am. Dec. 585; 4 Am. & Eng. Enc. Law 119; 1 Chitty Pl. 167; Owens v. Weedman, 82 Ill. 409; Baker v. Seavey, 163 Mass. 522, 40 N. E. 863; Bank v. Fisher, 55 Mo. App. 51; Chandler v. West, 37 Mo. App. 631; Barnett v. Timberlake, 57 Mo. 499; Draper v. Walker, 98 Ala. 310, 13 So. 595.

*Theodore Kaffell* and *F. O. Hellstrom,* for respondent.

BRONSON, Ch. J. This is an action for conversion. Defendant has appealed from an order overruling a demurrer to the complaint. This is the second time this cause is here upon an appeal from an order overruling a demurrer. Hellstrom v. First Guaranty Bank, 49 N. D. 531, 191 N. W. 963. Upon the former appeal this court sustained the

demurrer for the reason that the complaint insufficiently alleged the plaintiff's right, as mortgagee, to the possession of the property at the time of the alleged conversion. Thereafter plaintiff amended her complaint. Defendant again demurred thereto upon the ground that the same did not allege facts sufficient to constitute a cause of action. Defendant contends that the complaint, as amended, still fails to show that plaintiff was entitled to the immediate possession of the property alleged to have been converted when considered in connection with the particular recitals thereof; that it fails to allege a demand for the payment of the notes secured and that, upon facts of which this court may take judicial notice, defendant is a first mortgagee and plaintiff a subsequent mortgagee of the property involved. These contentions are without merit. In substance, the complaint now alleges that plaintiff is entitled to the immediate possession of the property involved; that plaintiff has a special property therein by virtue of a chattel mortgage secured by demand notes, the payment of which plaintiff has demanded and the mortgagor has neglected and failed to make; that pursuant to the terms of the mortgage plaintiff is thereby entitled to the immediate possession of the property for purposes of foreclosure; that defendant wrongfully and unlawfully seized, sold and converted the property involved, reasonably worth a stated sum, and in disturbance of plaintiff's rights in a stated sum. The complaint now states a cause of action. The allegations are sufficient to admit proof of plaintiff's right of special property and to the immediate possession of the property and of defendant's act of conversion including a demand upon, and refusal by defendant to deliver the property. See Hellstrom v. First Guaranty Bank, supra. The order is affirmed with costs.

BIRDZELL and JOHNSON, JJ., and Cooley and Buttz, Dist. JJ., concur.

Justices CHRISTIANSON and NUESSLE, being disqualified, did not participate, Honorable CHAS. M. COOLEY, of the First Judicial District, and Honorable C. W. BUTTZ, of the Second Judicial District, sitting in their stead.