LOLA MARKELY (Now Mrs. H. J. Schadt), Respondent, v. FIRST GUARANTY BANK, Appellant.

(206 N. W. 416.)

**Chattel mortgages — complaint by chattel mortgagee for conversion of property held to state cause of action.**

> A complaint in conversion alleging plaintiff's special interest, as chattel mortgagee, her right to immediate possession by virtue of the terms of the mortgage giving her the right to possession in case of default in performance of its conditions, the default of the mortgagor, the conversion of the mortgaged property by defendant and the value of plaintiff's interest, states a cause of action.

Opinion filed October 31, 1925. Rehearing denied November 27, 1925.

Chattel Mortgages, 11 C. J. § 316 p. 611 n. 75, 76; p. 612 n. 90.

Appeal from the District Court of Burleigh County, *Jansonius*, J.

From an order overruling demurrer to the complaint, the defendant appeals.

Affirmed.

*E. T. Burke*, for appellant.

*F. O. Hellstrom* and *Knauf & Knauf*, for respondent.

Cooley, District Judge. This is an action for conversion. The defendant interposed a demurrer specifying as grounds therefor, "That the complaint does not state facts sufficient to constitute a cause of action." The specific objection made by counsel for defendant in his brief and argument is, that the allegations of the complaint are insufficient to show that the plaintiff, at the time of the alleged conversion, was entitled to the possession of the property alleged to have been converted. In such an action it is, of course, essential that plaintiff should allege and upon the trial prove some right to the possession of the property at the time of the conversion, and this right may be based on an absolute ownership of, or upon some special interest in, the property alleged to have been converted. A chattel mortgagee has a lien on the mortgaged property; that is, a special interest or property therein. The holder of a chattel mortgage is not entitled to possession of the mortgaged property merely because he is the holder of a lien thereon. The

right to possession depends on other facts and circumstances and these facts and circumstances must be alleged to entitle plaintiff to prove, upon the trial, the plaintiff's right to possession.

In this case the plaintiff has alleged that she is entitled to the immediate possession of the property in controversy by virtue of a special property therein, the facts constituting which are as follows: that the mortgagor made to the plaintiff three certain promissory notes which became due and payable, with interest, on certain stated dates; that to secure the payment of said notes, with the interest thereon, according to the terms thereof, the said mortgagor made to plaintiff a chattel mortgage upon the property in controversy, which said mortgage was duly executed, witnessed and filed; that said mortgage provided that if default be made in the payment of said note, or the interest thereon, according to their terms, the plaintiff might take immediate possession of said property; that all of said notes became due and payable long before the alleged conversion, and that the mortgagor has failed to pay the same or any part thereof; that plaintiff is entitled to the immediate possession of said property for purposes of foreclosure.

These specific facts sufficiently show plaintiff's interest in and her right to possession of the mortgaged property.

There were also allegations stating that on or about a certain date the defendant wrongfully seized, sold and converted said mortgaged property to its own use, the reasonable value of the property converted and the value of the plaintiff's special interest therein.

These allegations sufficiently state a cause of action in conversion, and the demurrer to the complaint was properly overruled.

See Hellstrom v. First Guaranty Bank, 50 N. D. 202, 195 N. W. 512.

The order is affirmed with costs.

BURKE, JOHNSON, and BIRDZELL, JJ., and McKENNA, Dist. J., concur.

Mr. Chief Justice CHRISTIANSON and Mr. Justice NUESSLE, being disqualified, did not participate, Honorable CHAS. M. COOLEY, Judge of the First Judicial District, and Honorable GEO. M. McKENNA, Judge of the Third Judicial District, sitting in their stead.