HENRY S. GUNDERSON v. OSCAR HOFF AND ANOTHER.[1]

May 28, 1926.

No. 25,352.

**Proof of plaintiff's ownership insufficient.**

1. Plaintiff brought this action in replevin to recover certain rye sowed but not harvested by him. The court found that he failed to show that he was the owner of the rye. That finding disposed of the action adversely to plaintiff, and the finding that the one who harvested the rye was the owner and other findings are immaterial as to plaintiff.

**Plaintiff not entitled to harvest crop which he sowed.**

2. The evidence taken in an action tried by the court immediately before the replevin action was by agreement to be considered in determining the latter. That evidence is not a part of the settled case herein, but only the findings and conclusions of law. Such findings

[1]Reported in 209 N. W. 37.

must be taken as verities, and from those findings plaintiff was not a tenant at will entitled to harvest what he sowed, nor was he entitled to the rye crop under G. S. 1923, § 9569, for he voluntarily surrendered possession to the mortgagee's tenant after the rye was seeded in the fall, which tenant, the respondent, cared for, harvested and stored the crop.

> Appeal and Error, 4 C. J. p. 535 n. 8; p. 548 n. 91; p. 1057 n. 85.
> Mortgages, 27 Cyc. p. 1247 n. 70, 72.

Action in replevin in the district court for Marshall county. The case was tried before Grindeland, J., who ordered judgment in favor of defendant Hoff. Henry S. Gunderson, administrator, appealed from an order denying his motion for a new trial. Affirmed.

*Halvor Steenerson, Theodore F. Neils* and *Julius J. Olson,* for appellant.

*F. W. Ames,* for respondents.

HOLT, J.

The action is in replevin for a crop of rye sown on a certain farm in the fall of 1923 and harvested in 1924. The court found "that plaintiff has failed to show that his intestate, Halvor Gunderson, was the owner of said rye." The appeal is from the order denying plaintiff's motion for a new trial.

This action was begun in the fall of 1924. An action had also been brought in February of that year by the plaintiff herein against the defendant Hoff and his landlord, G. H. Stavens, to recover possession of the farm on which the rye in question was growing. In his answer therein Stavens alleged ownership and right of possession, and also in the alternative that if he were found not to be the owner he be adjudged a mortgagee in possession and be decreed entitled to continued possession. That action was tried to the court immediately before the replevin action. But no decision was filed in either case until some months thereafter. It was stipulated that the evidence taken in either action, so far as applicable, might be considered in making the findings in each. The evidence in the first action tried is not part of the settled case herein, but the findings are in the settled case and must be taken as verities on this appeal.

The undisputed facts are these: Halvor Gunderson, the plaintiff in each case (now deceased and his administrator substituted), was the owner of the farm upon which were three mortgages, the second one of which for $5,000 had been foreclosed in April, 1921, and the premises bid in by Thomas C. Day and George W. Wishard for $6,366.12. On April 9, 1922, defendant Stavens made a redemption at the request of Halvor Gunderson. Stavens had also at Gunderson's request purchased a mortgage held by a bank. Whether the redemption was made in virtue of being the holder of a subsequent mortgage does not appear, but is perhaps to be inferred. Because of the redemption the court found that Stavens became owner of the paper title to the farm, but that such title was intended to be as security for the money advanced by said Stavens in the redemption and purchase of the mortgages. The finding which, as stated, must be taken as true in the absence of all the evidence is: "That said Halvor Gunderson continued in the possession of said premises until the month of October, 1923, at which time said G. H. Stavens, with said Gunderson's consent, took possession thereof and he placed the defendant, Oscar Hoff, upon said premises as his tenant and gave him possession thereof, all with the consent of said Halvor Gunderson." The conclusion of law was that Stavens at his death was a mortgagee in possession and his administrators are now in possession as such by the tenant Hoff, and are entitled to continue in such possession until payment is made, and that, since no evidence was offered as to the actual amount due the administrator of Stavens, the court retains jurisdiction until proof be made thereof.

It is plain that under the state of facts here present, G. S. 1923, § 9569, upon which appellant relies, has no application. That section is found in the legislation relating to occupying claimants' rights and reads: "In case of ejection, the occupant shall be entitled to enter upon the land, and gather and remove all crops sown thereon prior to entry of judgment against him." Under the findings there can be no judgment ejecting plaintiff's administrators for they are not in possession. And in Backus v. Burke, 63 Minn. 272, 65 N. W. 459, it was held that a mortgagee in possession is not liable to an action of ejectment, even though he obtained possession without

the consent of the mortgagor. The finding that Halvor Gunderson voluntarily surrendered possession to Stavens, with no reservation of the wholly immature rye crop which Hoff, Stavens' tenant, was permitted to harvest, thresh and market, negatives plaintiff's ownership of the rye which it was essential that he should establish in order to have decision in his favor.

We do not differ from appellant as to the law announced in Goodwin v. Clover, 91 Minn. 438, 98 N. W. 322, 103 Am. St. 517; Strand v. Boll, 44 S. Dak. 228, 183 N. W. 284, 15 A. L. R. 652, that a tenant at will is entitled to reap the crop he has sown prior to the termination of the tenancy. But it is to be noted that in the first case there was a taking against the protest of the one in possession, and in the last the rule as stated excludes its application to appellant herein, for the termination of his possession was not "without any action on his part to bring about such result;" on the contrary the court finds that he consented to Stavens taking possession. While a mortgagor is entitled to the emblements until the foreclosure is complete or until the mortgagee is given possession, it follows that, when possession is taken with the consent of the mortgagor, the emblements not severed go to the mortgagee. 2 Jones, Mort. (7th ed.) § 697. It may also be true that, in the accounting which plaintiff is entitled to in the action first tried, he will be appropriately compensated for the crop of rye growing, for in the conclusion of law is this clause: "That this court will retain jurisdiction hereof for the purpose of further proof respecting the ascertainment of the amount due said defendant administrators upon said lien or equitable mortgage and an accounting with respect to the value of the use of the mortgaged property." As we understand it, that decision has not been questioned.

Appellant cites Bloemendal v. Albrecht, 79 Minn. 304, 82 N. W. 585, a case properly within G. S. 1923, § 9569; no voluntary surrender of possession was there made by the one who planted the crop, as in the case at bar. The legal effect of the voluntary surrender of possession in October, 1923, by plaintiff to Stavens, the equitable mortgagee and holder of the record title, could in no way

be changed or affected because plaintiff thereafter changed his mind and resorted to law to regain possession. Unless there was in such surrender some reservation of crops planted but not matured, they passed with the land to the mortgagee who took possession with the consent of the mortgagor. As bearing on the effect to be given a taking of possession with the express consent of the mortgagor these cases may be considered: Rogers v. Benton, 39 Minn. 39, 38 N. W. 765, 12 Am. St. 613; Ferman v. Lombard Inv. Co. 56 Minn. 166, 57 N. W. 309.

The correctness of the finding that the tenant Hoff was the owner of the rye is questioned as well as the finding as to the position of the defendant elevator company. It is immaterial to plaintiff who is found the owner, so long as the finding remains that plaintiff failed to show himself such. The findings may not be in the best form, but they do in a negative way settle plaintiff's want of ownership. No motion for amended findings was made, and the only proposition before us is whether there is support for the ones made which materially affect appellant.

The order is affirmed.