(72 N. W. Rep. 927.)

---

JAMES BLACK *vs.* MINNEAPOLIS & NORTHERN ELEVATOR CO.

Opinion filed Nov. 9th, 1897.

**Seed Lien—Enforcement—Right of Possession.**

> The holder of a seed lien had, before the enactment of section 4845, Rev. Codes, no right to take possession of the property covered by his lien, even after default, but must have enforced his right to possession in a court of equity. in an action to foreclose the lien.

**Owner Cannot Maintain Trover.**

> One who bought the property covered by such lien took it subject thereto, but could not, under any circumstance, be held liable for the conversion thereof, or even in an action on the case for damages to the lienholder's rights, when such purchaser had done nothing to effect the lienholder's rights (as by destruction or removal of the property beyond his reach), but had merely refused to deliver him the property on demand.

Appeal from District Court, Traill County; *Pollock,* J.

Action by James Black against the Minneapolis & Northern Elevator Company to recover damages for the alleged conversion of wheat upon which said Black held a seed lien. From an order setting aside a verdict for defendant, and granting a new trial, defendant appeals.

Order reversed.

*Cochrane & Feetham,* for appellant.

The account in writing attached to the complaint is not such an account as the statute requires. *Parker* v. *Bank,* 3 N. D. 89. The statutory lien can neither be acquired or enforced unless there has been a substantial compliance with the act of the legislature from which the lien arises. *Lavin* v. *Bradley,* 1 N. D. 291;

N. D. R.—9

*Parker* v. *Bank*, 3 N. D. 88. The complaint avers no facts showing any right to possession in plaintiff. *Hathaway* v. *Brayman*, 42 N. Y. 322; *Manning* v. *Monaghan*, 28 N. Y. 588; *Dunning* v. *Fitch*, 66 Ill. 51. No demand is averred or proved. *Sanford* v. *Duluth & D. Elev. Co.*, 2 N. D. 6. Under the seed lien law plaintiff was not entitled to the possession of the property sued for and there is no allegation of the insolvency of McCoy. *Marsh* v. *White*, 3 Barb. 518; *Lain* v. *Hitchcock*, 14 Johns. 213; *Gardner* v. *Heartt*, 3 Denio 232; *Frink* v. *Pratt*, 22 N. E. Rep. 820. Plaintiff by consenting to a sale of the wheat waived his lien thereon. *N. E. Mortgage Security Co.* v. *Great Western Elevator Co.*, 6 N. D. 407; 2 Waits A. & D. 182, 2 Cobby Chat. Mtgs. 637; Jones Chat. Mtgs. 465; *Littlejohn* v. *Pierson*, 36 N. W. Rep. 477; *Stafford* v. *Whitcomb*, 8 Allen 518; *Roberts* v. *Crawford*, 54 N. H. 532; *Pratt* v. *Maynard*, 116 Mass. 388; *Cohn* v. *Smith*, 2 So. Rep. 244. The grain grown from Anderson and Black seed was mixed in one bin. Plaintiff has not identified the grain in suit as the grain produced from the Black seed. *Clark* v. *Voorhees*, 12 Pac. Rep. 529; Jones Chat. Morts. 483; *Saunders* v. *Voorhees*, 12 Pac. Rep. 526; *Robinson* v. *Holt*, 75 Am. Dec. 233; *Wood H. M. Co.* v. *M. & N. El. Co.*, 48 Minn. 404; *Mowry* v. *White*, 21 Wis. 417; *Simmons* v. *Jenkins*, 76 Ill. 479; *Hubbell* v. *Allen*, 90 Mo. 574; 3 S. W. Rep. 22; *Rosenberg* v. *Thompson*, 8 S. W. Rep. 895.

*Carmody & Leslie*, for respondent.

The account and notice are sufficient if they contain all the statute requires, and the notice need contain only such things as the statute requires it to contain. *Neihous* v. *Morgan*, 45 Pac. Rep. 255; *Clifford* v. *Tomlinson*, 64 N. W. Rep. 381; *Ramsey* v. *Merriam*, 6 Minn. 168; *Tibbetts* v. *Moore*, 23 Cal. 213; *Maxwell* v. *Newton*, 27 N. W. Rep. 32; *Trofton* v. *Cornwell*, 64 N. W. Rep. 1148.

The grain having been mixed without respondent's fault, his lien attached to an undivided interest in the entire mass in the proportion his wheat bears to the mass. *Stone* v. *Quaale*, 29 N. W. Rep. 326, 36 Minn. 46; *Reed* v. *King*, 12 S. W. Rep. 772; *Claf-*

*lin* v. *Cont'l J. Works*, 11 S. E. Rep. 721; *Creighton* v. *Cole*, 38 Pac. Rep. 1007; *First National Bank* v. *Scott*, 44 N. W. Rep. 987; *Wells* v. *Batts*, 17 S. E. Rep. 417; *D. M. Osborne & Co.* v. *Cargill Elevator Co.*, 64 N. W. Rep. 1135.

CORLISS, C. J.   We are compelled to reverse the order granting a new trial.   The court after having directed a verdict for defendant, set aside such verdict, and ordered a new trial.   Plaintiff bases his right to recover upon a seed lien.   The statute (chapter 150, Laws 1887) under which he claims this lien is silent on the subject of possession.   It is clear that the lien is given without reference to the possession by the holder of such lien of the crop on which it is filed.   The owner is to remain in possession of the land on which the crop is growing, and harvest and thresh the same.   All this is contemplated.   Unlike a common law lien, it is independent of possession by the one claiming the lien.   Nor can we discover in the statute any provision that the holder of the lien may ever take possession thereof preliminary to a foreclosure of his lien thereon.   It is true that section 5 declares that "the lien may be foreclosed by a sale of the property embraced in such lien upon the notice and in the manner provided by law for the foreclosure of chattel mortgages."   But it cannot be inferred from this provision that the holder of the lien has any right to take possession for the purpose of foreclosure.   This section does not attempt to regulate the matter of possession, but merely provides how the party should proceed in enforcing his right.   It does not place the holder of a seed lien in any better position than a chattel mortgagee whose security does not, in terms, give him a right to take possession.   At common law the legal title was vested in the mortgagee, and this is still the rule in some states.   But it is not the law in this jurisdiction.   Here the mortgagee has a mere lien, and, if his instrument gives him no right to possession, there is no principle of law which confers such right upon him.   He is the holder of a lien which does not require the aid of possession, and will not, in terms, authorize the taking of possession, except when the holder of it is armed with the

order of a court of equity in proceedings instituted for the fore-
closure of such lien.    Said the court in *Fowler* v. *Merrill*, 11 How.
374:   " The mortgaged property is given up or taken possession
of by the mortgagee usually at the time of the decree; and, if not
surrendered then, its value at that time, instead of the specific
property mortgaged, must be and was regarded as the rule of
damages."    But the right to demand that a court of equity shall
put him in possession, so that he can exhibit the property on the
day of sale, and deliver it to the purchaser, is entirely different
from the possessory right which will support an action for conver-
sion or in replevin.    It is a right which is not absolute, like the
right of a mortgagee to take possession when his mortgage in
terms so provides, but depends upon the action of a court of
equity, which may withhold its order until the merits of the fore-
closure action have been disposed of, or may even refuse to order
the property delivered to the plaintiff at all, but, on the contrary,
direct that it be turned over to a receiver, or some person who is
appointed to sell.    Under the statute regulating the foreclosure
of chattel mortgages which was in force when the act of 1887 was
passed, and to which this act refers, a mortgagee whose security
did not, in terms, vest in him any right to take possession, was
not empowered to take possession the same as if his mortgage
had so provided.    This foreclosure statute does not attempt to
settle this question of possession, or change the law on the sub-
ject.    See chapter 32, Laws 1885.    Plaintiff could have foreclosed
his lien in equity.    The statute so expressly declares.    In that
action the large powers of a court of chancery would supply him
with every remedy necessary to protect his rights.    It is signifi-
cant that our statutes now authorize any one who has a lien on
personal property to take possession for the purpose of foreclos-
ure after default in the payment of the debt secured by such lien.
Rev. Codes, § 4845.    But it seems to be urged that, as all dis-
tinctions between actions are abolished, it matters not what name
is given to the present suit so long as the plaintiff has a right
which should be enforced by the courts,    This is true, but care

must be taken not to confound two utterly dissimilar ideas. What was intended to be accomplished by the sweeping declaration that all distinctions should be destroyed was not any change in the substantive law, but merely an alteration in the manner of setting forth causes of action in the plaintiff's pleading. The language of the statute is: "The distinction between actions at law and suits in equity and the forms of all such actions and suits heretofore existing are abolished; and there shall be in this state hereafter but one form of action for the enforcement or protection of private rights and the redress of private wrongs, which shall be denominated a civil action." Rev. Codes, § 5181. Those distinctions between actions which are intrinsic have not been, and cannot be, destroyed by any legislative fiat. True, it is that the distinctions between actions, so far as the mode setting forth the cause of action is concerned, have been done away with, and now the facts are to be stated in every case alike. But whether the facts so alleged constitute any cause of action at all is to be determined by the substantive law, and this law has not been changed by the code. If, on common law principles, the plaintiff could not recover for damages for an injury to his possessory right, because he had no such right, he cannot now recover such damages. The old distinctions in the manner of stating the cause of action are abolished. It is not necessary that the plaintiff should plead with all the technical precision of the common law. It is sufficient if he spreads out the facts upon the face of his pleading; and it is not even important that he should correctly name the nature of his cause of action. But it is still true that, if his facts do not show a right to possession, but only a right to have his lien respected, he cannot recover the value of the property as damages for the disturbance of the right to possession, but only the amount of the special injury he has sustained by an unlawful interference with his rights. Nor can it be said that the code has abolished even the names of different causes of action. It is still true, as formerly, that an action to secure the possession of a specific chattel is an action of replevin, and that a suit to recover

damages for the wrongful taking thereof is an action for conversion; and bar an bench will continue to recognize these inherent distinctions despite all legislative efforts to obliterate them. We do not hold that plaintiff should have failed because he has sued in trover, and has not shown a conversion. His complaint warranted a recovery on the theory of a special injury to his lien rights. But he failed in his proof. The owner of the wheat subject to the lien had an undoubted right to sell it to any one. He who bought it would take it subject to the lien, but it is also true that he would succeed to all the owner's rights. The defendant purchased the grain subject to the lien, but it had the same right to retain possession, as against the plaintiff, that the owner had. The plaintiff's remedy was not to recover possession, and then foreclose his lien, but to obtain possession in the foreclosure action itself. His demand upon the defendant did not render it liable for an action to recover the value of the wheat, or for damages to his security. The lien rights of a party are injured only when the property is placed beyond his power to reach it for purposes of foreclosure. So far as we know from this record, the property which is subject to the plaintiff's lien is still in the possession of the defendant, and can be taken by plaintiff in an action to foreclose his lien. All that was proved in the case was the fact of a purchase of the wheat by defendant, and the further fact that it had refused on demand to deliver the property to the plaintiff. In buying the grain, its act was lawful, and was not an invasion of the plaintiff's rights. When it refused to deliver up the property, it merely subjected itself to an action in equity to foreclose the lien. Such an action has not been brought. This suit is either for the conversion of this wheat or to recover damages for the injury to the plaintiff's rights as a lienholder. By nothing that it has done has the defendant subjected itself to either liability. It does not appear that it has mixed the grain with other grain, or has shipped it out of the state. See, as sustaining our views, *Manning* v. *Monaghan*, 23 N. Y. 545; *Id.*, 28 N. Y. 585; *Hull* v. *Carnley*, 11 N. Y. 501; *Id.*, 17 N. Y. 202; *Hale* v. *Bank*, 64 N. Y. 550; *Marsh* v. *White*, 3 Barb. 522.

The order is reversed. All concur.