## J. P. VARNES, Respondent, v. GEORGE SCHWARTZ and Art Beckman, Appellants.

(197 N. W. 129.)

**Action — dismissal and nonsuit.**

1. Under the laws of this state all distinctions between actions at law and suits in equity have been abolished and legal and equitable relief are administered in the same forum, and an action will not be dismissed merely because the plaintiff has misconceived the nature of his remedial right.

**Thresher's lien — court may render judgment for debt, though thresher's lien is invalid.**

2. An action for the foreclosure of a thresher's lien should not be dismissed even though the lien proves invalid, as the court still has jurisdiction in such action to determine the amount, if any, of the debt for which the lien is claimed, and to render judgment therefor.

**Appeal and error — question not presented below not involved on appeal.**

3. For reasons stated in the opinion, it is held that the question whether certain issues raised by the defendants' answer and counterclaim should have been tried to a jury are not involved on this appeal.

Opinion filed January 16, 1924.

Actions. 1 C. J. §§ 176 p. 1047 n. 92; 180 p. 1050 n. 49. Agriculture, 2 C. J. § 134 p. 1021 n. 73. Appeal and Error, 3 C. J. § 611 p. 713 n. 96; 4 C. J. § 2662 p. 732 n. 85, 86. Dismissal and Nonsuit, 18 C. J. § 85 p. 1180 n. 17.

---

Note.—(1) Reformed procedure as to actions at law and suits in equity, see 10 R. C. L. 260.

(3) Questions not raised below not considered on appeal, see 2 R. C. L. pp. 69, 131; 1 R. C. L. Supp. 381; 4 R. C. L. Supp. 78; 5 R. C. L. Supp. 68.

From a judgment of the District Court of Ward County, *Lowe*, J., defendants appeal.

Affirmed.

*McGee & Goss,* for appellants.

Because no mechanic's lien could attach to the building independent of the land where the party for whose immediate use and benefit the building was erected had no estate or interest in the land. Gull River Lumber Co. v. Briggs, 9 N. D. 485, 84 N. W. 349; Green v. Tenold, 14 N. D. 46, 103 N. W. 398.

"Counsel for the plaintiff argue that the court below should determine and give judgment upon the claim of plaintiff for the amount it alleges the investment company owes it on account of the construction of the Mowbray Elevator, but the right of the establishment and foreclosure of the alleged mechanic's lien upon this elevator is the only ground of equity jurisdiction invoked by the second cause of action, which is independent of the first, and relates solely to the mechanic's lien upon that elevator. And as that ground does not exist there is no jurisdiction in equity of that cause of action remaining. Plaintiffs claim to recover the amount it asserts the defendants promised to pay it for the erection of the Mowbray elevator is a purely legal cause of action upon which the defendant has the right to a trial by jury under the acts of Congress and when upon the hearing of a suit in equity the right to all equitable relief upon an independent cause of action entirely fails the court of equity is without jurisdiction to retain the cause and try issues at law and grant incidental or other relief thereon." Mitchell v. Dowell, 105 U. S. 430, 432, 25 L. ed. 1142; Russell v. Clarke, 7 Cranch, 69, 3 L. ed. 271; Kramer v. Cohen, 119 U. S. 355, 357, 30 L. ed. 439, 7 Sup. Ct. Rep. 277; Alger v. Anderson, 92 Fed. 710; Lewis Pub. Co. v. Wyman, 168 Fed. 762.

"Where a complaint pleaded a cause of action in equity to declare a constructive trust, it was error, on the court's failure to find the existence of such trust, to render a judgment at law against defendants, on the theory that they were liable for the conversion of complainant's funds." Craigo v. Craigo, 22 S. D. 417, 118 N. W. 712.

"Despite the statutory changes in many jurisdictions providing for the granting of judgments at law and equitable relief by the same tribunal, and abolishing distinctions in the form of pleadings, *the in-*

*herent distinctions between actions at law and suits in equity are still recognized."* 10 R. C. L. 376, § 127; 21 C. J. 142, § 123.

*Campbell & Funke,* for respondent.

"Where a court of equity has obtained jurisdiction over some portion or feature of a controversy, it may, and will in general, proceed to decide the whole issues, and to award complete relief, although the rights to the parties are strictly legal, and the final remedy granted, is of the kind which might be conferred by a court of law." 1 Pom. Eq. Jur. ¶¶ 84–88, 183, p. 329.

"The court of equity having jurisdiction of the court for the purpose of an injunction, may decide the whole controversy and render a final decree, even though all the issues are legal in their nature, capable of being tried by a court of law, and the legal remedies therefore are adequate." 1 Pom. Eq. Jur. p. 337.

"When a court of equity has rightfully obtained jurisdiction (there can be no question that the district courts have jurisdiction here) it will retain it for complete relief, although it will be purely legal, as; 'when jurisdiction is taken upon an alleged equity which ceases before the suit ends or is dissipated by the evidence on the trial of the cause, the court will administer the legal remedy.'" Clark v. Wooster, 119 U. S. 325, 30 L. ed. 392.

CHRISTIANSON, J. Plaintiff brought this action to recover the sum of $168.58 and interest, which he alleges is due him for threshing defendants' grain in the fall of 1921, and also to foreclose an alleged thresher's lien claimed by the plaintiff for the grain threshed.

The complaint reads as follows:

"Plaintiff complains of the defendants and alleges:

### I.

"That at all times herein mentioned the plaintiff has been and now is the owner of a certain threshing machine with all necessary equipment and during the threshing season of the year of 1921 said plaintiff operated the said threshing machine in the county of Ward and state of North Dakota, and in the course thereof threshed the crops raised by farmers engaged in farming in said county;

## II.

"That during the threshing season of 1921 the said plaintiff was employed by the defendants, Art Beckman and George Schwartz, to thresh the crops raised by the said defendants, during the farming season of 1921, upon the following described real estate, situated in the County of Ward and State of North Dakota, to wit:

"The east half of the northeast quarter ($E\frac{1}{2}NE\frac{1}{4}$), the east half of the southeast quarter ($E\frac{1}{2}SE\frac{1}{4}$), the southwest quarter of the southeast quarter ($SW\frac{1}{4}SE\frac{1}{4}$). The southeast quarter of the southwest quarter ($SE\frac{1}{4}SW\frac{1}{4}$) of section ten (10) and the west half ($W\frac{1}{2}$) of southwest quarter ($W\frac{1}{2}SW\frac{1}{4}$) the southwest quarter of the northwest quarter ($SW\frac{1}{4}NW\frac{1}{4}$) of section eleven (11), all in township 153, north of range 85, west of the 5th P. M.

"And that the said defendant did promise and agree to pay the said plaintiff, for such threshing, the sum of seventeen dollars ($17) per hour for each and every hour during which the said plaintiff was engaged in the threshing of said crops;

## III.

"That pursuant to the said contract the said plaintiff duly threshed the crops raised by the said defendants upon the premises hereinbefore described and did commence and complete such threshing on the 25th day of August, 1921 and in so threshing said crops the plaintiff was continuously engaged in such threshing for a period of nine hours and fifty-five minutes (9 hrs. 55 mi.);

## IV.

"That by reason of the premises there became due and owing the said plaintiff the sum of one hundred sixty-eight dollars and 58/100 ($168.58) no part of which has been paid, demand having been made therefor;

## V.

"That thereafter and on the 3d day of September 1921 at the hour of 9 o'clock in the forenoon of said day, the plaintiff duly filed in the office of the Register of Deeds, within and for Ward county, North Dakota, a statement in writing, verified by oath, in the manner re-

quired by law, being a claim for lien upon the crops threshed upon the premises hereinbefore described, during the threshing season for the year of 1921; said claim for lien being so filed for the purpose of securing to the said plaintiff the said sum due him for such threshing;

"Wherefore: Plaintiff prays for judgment as follows:

1. For the sum of one hundred sixty-eight and 58/100 Dollars ($168.58) and interest thereon from and after the 25th day of August, 1921, together with the costs and disbursements of this action;

2. "That the said sums be adjudged to be a lien upon all the crops threshed by the said plaintiffs during the threshing season of 1921 upon the said real estate hereinbefore described; that the said lien be foreclosed according to law to satisfy the said claim of the said plaintiff, with interest and costs.

3. "That the plaintiff have such other and further relief as to the Court may seem just and equitable."

The defendants interposed answers containing qualified general denials. The answers so interposed specifically admitted that there was raised, during the year of 1921, crops upon the premises described in paragraph 2 of the plaintiff's complaint; that the plaintiff threshed such crops and that he filed a pretended statement and claim of a thresher's lien in the office of the register of deeds of Ward county on September 3, 1921. But it is alleged that such statement is insufficient and void and not a thresher's lien or any lien upon said crops or any part thereof, and that the court is without jurisdiction. It is further alleged that the defendants were to pay plaintiff for threshing such grain the sum of $75 and no more, and that such amount was paid to the plaintiff by the defendant Schwartz prior to the commencement of this action. The defendant Schwartz, in addition to such answer, interposed a counterclaim in the sum of $150 for a certain bull which it is claimed the defendant Schwartz furnished to the plaintiff. The plaintiff interposed a reply, denying such counterclaim. The case came on for trial upon the issues thus framed.

According to the record on this appeal the following proceedings were had upon the trial:

"The above entitled matter came on for hearing before Honorable John C. Lowe, Judge, at Minot, North Dakota, April 27th, 1922, the following proceedings were had:

"Mr. Funke: At this time if the court please, the plaintiff offers in evidence exhibit 1, being the threshing lien upon which this action is filed.

"Mr. Goss: To which offer without raising the question of the filing of the same in the register of deeds office, we concede that that is a certified copy of an alleged lien filed in the office of the register of deeds, in this county according to the certificate of the register of deeds, and we object to the reception of the lien in that on the ground that the same on its face shows that it is insufficient as a lien upon any crop, or for any purpose, and that the same does not comply with the thresher's lien law and the statute granting the thresher's lien in this state: That said thresher's lien is a creature of the statute and the statute must be strictly complied with to obtain a lien thereunder; that this lien shows on its face that the same is insufficient in that it does not state, show or disclose the number of bushels of grain threshed or each kind of grain threshed upon which a lien can be asserted or is attempted to be claimed or asserted thereunder, nor the date of the contract thereunder, or that said purported lien was filed in the office of the register of deeds of this county within thirty days from and after the completion of said threshing, and that all of said facts must appear from the lien itself, if at all and be contained therein and be filed prior to the expiration of thirty days from the date of the completion of the threshing in order to be and constitute a valid thresher's lien. That this lien does not purport to set the time of commencement of threshing, nor the time of completion thereof, and there is nothing to show that the lien was filed in the register of deeds within thirty days of the completion thereof. Besides a thresher's lien cannot be obtained without specifying at least the kind of crop and the gross number of bushels threshed of each one, that the lien may be filed to the crop and also that in addition thereto the price per bushel of each kind of crop must be shown in order to comply with the statute. On all the foregoing grounds we contend that the alleged thresher's lien sued upon in this case is insufficient as a thresher's lien to confer the right of foreclosure thereof, on any lien in this Court; the equitable jurisdiction of the Court fails. The Court must have equitable jurisdiction in order to render any judgment and there being no primary jurisdiction there can be no adjudication of anything in this lawsuit.

On all the foregoing grounds of the objection we object to the said lien in evidence.

"It is stipulated in connection with this offer that so far as the foundation for the introduction of the lien is concerned that the said purported lien has been recorded and filed in the office of the register of deeds of this county on September 3, 1921, in the words and figures as set forth in exhibit 1 and subject to the objection that the same is immaterial and incompetent and irrelevant upon any issue in this lawsuit and objecting thereto and to any number of said facts we will stipulate the truth of all the allegations contained in paragraphs 1, 2, 3 and 4 of plaintiff's complaint. As to any issue of law in this lawsuit we demand the right of a jury, that is in so far as the court treating this under a law action. In other words, we insist this is an equitable action and when that fails the case must be dismissed. This stipulation as to the facts contained in those paragraphs 1, 2, 3 and 4 in this complaint is made for the purpose of this lawsuit only, and not to bind the defendants or either of them in any action of law or in any case started hereafter. We concede these facts merely for the purpose of passing up to the court the issue of law under the lien as to whether there is a cause of action here on the lien and relying upon our objection to the lien entirely in this suit.

"The Court: If the court has jurisdiction in this case, then you admit the plaintiff's complaint to be true with the exception of the lien?

"Mr. Goss: That is it.

"It is stipulated that exhibit 1 may be received in evidence in lieu of the original.

"Plaintiff rests.

"Defendants rest."

Thereafter the trial court made and filed its findings and conclusions. The court found the facts to be as alleged in paragraphs 1 to 4 of the complaint. It further found that the plaintiff had filed a claim for a thresher's lien as alleged in paragraph 5 of the complaint, but "that the said lien statement so filed failed to set forth the number of bushels of grain threshed in the course of said threshing operation." The trial court also found that the said defendants had failed to offer any proof in support of their plea of payment, or in support of the

counterclaim. The court concluded, as a matter of law, that the plaintiff was entitled to judgment against the defendants and each of them in the sum of $168.58, with interest from and after August 25, 1921, but that the plaintiff was not entitled to any lien upon the crops so threshed as aforesaid. Judgment was entered accordingly and the defendants have appealed.

On this appeal appellants assert that the trial court erred: (1) In ordering judgment in favor of the plaintiff and against the defendant for costs and damages; (2) In not granting the motion of defendants for a dismissal of the action; (3) In not dismissing the action for want of jurisdiction, and (4) "In holding that it had jurisdiction to enter judgment for damages herein . . . and in denying to defendants the right to a jury and in failing to dismiss said action."

These several errors are grouped and argued together and are epitomized in the following statement in appellant's brief:

"Our contention is that the action being one in equity when equitable jurisdiction fails or when the lien is adjudged void, the action must be dismissed, the court having no power to retain further jurisdiction and enter a judgment at law, and especially is this true in the face of our demand for a jury trial on our plea of payment and counterclaim at law."

In our opinion there is no merit in the contention that the action should have been dismissed. In this state the distinction between actions at law and suits in equity has been abolished. Comp. Laws, 1913, § 7335. Such procedure is not one of recent enactment. It was established in this jurisdiction long before statehood. See § 33, Code of Civil Procedure, Dakota Territory, 1877. While it is true the adoption of the Reformed Procedure did not abolish the essential distinction between legal and equitable rights or remedies (Black v. Minneapolis & N. Elevator Co. 7 N. D. 129, 73 N. W. 90; 1 Pom. Eq. Jur. 4th ed. § 354), it did combine the two jurisdictions and abrogate the distinction formerly existing between the two modes of procedure and establish "that a single judicial action, based upon and conforming to the facts and circumstances of each particular case, whatever be the nature of the primary right which they create, must be used for the pursuit of all remedies, legal or equitable." Pom. Code Rem. 3d ed. § 70.

Pomeroy says: "The single civil action for the protection of all primary rights and the enforcement of all primary duties is the central element of the new procedure. All distinctions between actions at law and suits in equity, and between the different forms of common-law actions, having been swept away, the suit in equity and the common-law actions themselves, as distinctive judicial instruments, have been abrogated, and in their stead has been substituted the one civil action." Pom. Code Rem. 3d ed. § 34.

"The grand underlying principle of this system consists in the abolition of all the forms of legal actions, the abolition of all distinctions between actions at law and suits in equity, and the establishment of one civil action for the enforcement of all remedial rights. In and by this one civil action, legal and equitable causes of action, legal and equitable defenses, and legal and equitable remedies may be united, and may be determined by the same judgment." 1 Pom. Eq. Jur. 4th ed. § 84.

"The fundamental principle of this reformed system is, that all distinctions between legal and equitable actions are abolished, the one 'civil action' is the single judicial means for enforcing all rights in a court clothed with both jurisdictions of law and of equity in combination, and in this civil action legal and equitable primary rights, causes of action, and defenses may be united, and legal and equitable remedies may be obtained." 1 Pom. Eq. Jur. 4th ed. § 183.

"Thus it may be regarded as a settled rule, resulting from the statutory provision in question, that if a plaintiff has set forth facts constituting a cause of action, and entitling him to some relief, either legal or equitable, his action shall not be dismissed because he has misconceived the nature of his remedial right, and has asked for a legal remedy when it should have been equitable, or for an equitable remedy when it should have been legal. Nothing was a more familiar rule in the old system than the one which turned a plaintiff out of court if he had misconceived the nature or form of his action. If he brought an action at law, and on the trial proved a case for equitable relief, or if he filed a bill in equity and at the hearing showed himself entitled to a judgment at law, he must absolutely fail in that proceeding. It is very plain that this arbitrary and most unjust rule rested wholly upon the ancient notions as to distinctions between legal

and equitable actions, and did not rest upon any notions as to the primary rights which the litigant parties sought to maintain. *Wherever, therefore, the letter and spirit of the reformed system are followed by the courts, this harsh rule is swept away. A suit does not now fail because the plaintiff has erred as to the form or kind or extent of the remedy he demands.* A party cannot be sent out of court merely because the facts alleged do not entitle him to relief at law, or merely because they do not entitle him to relief in equity. If the case which he states shows him entitled to any relief, either legal or equitable, his complaint is not to be dismissed because he has prayed for a judgment that it is embraced by the facts." Pom. Code Rem. 3d ed. § 71.

The supreme court of California said: "Legal and equitable relief are administered in the same form and according to the same general plan. A party cannot be sent out of court merely because his facts do not entitle him to relief at law, or merely because he is not entitled to relief in equity, as the case may be. He can be sent out of court only when, upon his facts, he is entitled to no relief either at law or in equity." Grain v. Aldrich, 38 Cal. 514, 520, 99 Am. Dec. 423. See also Knauf & T. Co. v. Elkhart Lake Sand & Gravel Co. 153 Wis. 306, 317, 318, 48 L.R.A.(N.S.) 744, 141 N. W. 705.

We are entirely satisfied that the trial court was correct in refusing to dismiss the action, and that it had jurisdiction to determine the amount due to the plaintiff and render judgment therefor, even though the lien proved invalid. Security State Bank v. Krach, 36 N. D. 115, 118, 161 N. W. 569.

It is asserted that defendants were entitled to have the issues raised by the plea of payment, and by the counterclaim, tried to a jury. In our opinion that question is not involved on this appeal. It is elementary that the appellant has the burden of proving error; and must present a record affirmatively sustaining such burden. Erickson v. Wiper, 33 N. D. 193, 225, 157 N. W. 602 and authorities cited. All the assignments of error in this case are levelled at the action of the trial court in ordering judgment in favor of the plaintiff. The assignments rest upon the objection interposed, and proceedings had, at the trial. The pith of such objection was that the jurisdiction of the court to enter judgment at all was dependent upon whether there was or was not a valid thresher's lien.

To quote from the objection: "The court must have equitable jurisdiction in order to render any judgment, and there being no primary jurisdiction there can be no adjudication of anything in this lawsuit." It is true, defendants' counsel, also, said, as a part of the objection, "As to any issue of law in this lawsuit we demand the right of a jury, that is in so far as the Court treating this under a law action. In other words, we insist this is an equitable action and when that fails the case must be dismissed." It will be noted the reference to a jury trial was qualified by an interpretation as to why such reference was made. The objection was very lengthy, and we think the impression which would be likely to remain with anyone who heard it, would be that it constituted a challenge to the court's jurisdiction to proceed with the case at all. In other words, that the purpose of objection was to say to the trial court: "We insist this is an equitable action and when that fails the case must be dismissed." That was apparently the way it impressed the trial court, for, at the conclusion of the objection, he propounded the following query to the defendants' counsel: "If the court has jurisdiction in this case, then you admit the plaintiff's complaint to be true with the exception of the lien?" To which defendants' counsel replied: "That is it." Following this colloquy it was stipulated that the certified copy of the lien statement to which the objection had been interposed be received in evidence in lieu of the original. Thereupon, plaintiff's counsel announced that plaintiff rested his case. In other words the trial had reached the point where defendants, if they so desired, would be afforded an opportunity to present evidence in support of their plea of payment, and counter-claim. It will be noted that the trial court had in no manner intimated that he would deny a trial by jury of the issues so raised. Apparently defendants desired to stand on the objection to the court's jurisdiction. There was not even a suggestion on their part that they desired a trial, of the issues raised by their plea of payment and counter-claim, at all. On the contrary, defendants' counsel specifically announced that defendants rested their case. This is the record. And upon such record, there was, we think, no issue of fact for determination. There was merely a question of

law. And this was properly triable by the court without a jury. Comp. Laws, 1913, § 7608.

Judgment affirmed.

BRONSON, Ch. J., and NUESSLE, BIRDZELL, and JOHNSON, JJ., concur.